Megan A. Chacon (SBN 304912)
FISH & RICHARDSON P.C.
4695 MacArthur Court, Ste. 1100
Newport Beach, CA 92660
Tel: (949) 623-7640 / Fax: (858) 678-5099
Email: chacon@fr.com

Louis E. Fogel (*admitted pro hac vice*)
FISH & RICHARDSON P.C.
150 N. Riverside Plaza, Ste. 2820
Chicago, IL 60606
Telephone: (312) 278-2700
Email: fogel@fr.com

Attorneys for Defendant Arrowhead Pharmaceuticals, Inc.

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| IONIS PHARMACEUTICALS, INC., a Delaware Corporation,<br><br>Plaintiff,<br>v.<br><br>ARROWHEAD PHARMACEUTICALS, INC., a Delaware corporation,<br><br>Defendant. | Case No. 2:25-cv-8609-HDV-AGR<br><br>**ARROWHEAD PHARMACEUTICALS, INC.'S REPLY IN SUPPORT OF MOTION TO STAY, OR IN THE ALTERNATIVE, DISMISS OR TRANSFER UNDER THE FIRST-TO-FILE RULE** |

## I. INTRODUCTION

The facts central to resolution of this motion are clear: Arrowhead filed a Complaint in Delaware seeking to clarify its legal rights after receiving a letter from Ionis accusing Arrowhead of infringing U.S. Patent No. 9,593,333 (the "'333 patent") and alleging that Arrowhead's forthcoming launch of its product, plozasiran, will cause Ionis "irreparable harm." The day after Arrowhead filed, Ionis filed a Complaint in this Court. (Dkt. 1.) Now, two cases are pending in two forums, both involving the same parties and the same patent.

The facts favor staying this action to allow the District of Delaware to decide which case should proceed. Although Ionis argues that this Court should exercise its discretion and deny Arrowhead's motion to stay based on equitable concerns, and based on its insistence that this dispute "belongs" here, the Court does not have to do so. That said, if this Court does reach the merits, the first-to-file rule applies without exception, and dismissal or transfer is warranted.

## II. THIS COURT SHOULD STAY THIS ACTION PENDING RESOLUTION OF THE FIRST-TO-FILE ISSUE IN DELAWARE

### A. Staying this action is consistent with practice in this District and avoids waste.

This Court should stay this action pending resolution of Ionis's Motion to Dismiss or Transfer in the Delaware Action. (*See* Dkt. 27-27, -28, -29 (Exs. Y, Z, AA).) It is established practice in this District to defer to the first-filed court on application of the first-to-file rule and assessment of any exceptions. *TCT Mobile (US) Inc. v. Cellular Commc'ns Equip. LLC,* No. 20-00702, 2020 WL 8172714, at *3 (C.D. Cal. July 31, 2020). The first-to-file rule is based on the doctrine of federal comity, and its goal is to promote efficiency and judicial economy. *Id*. at *2. Allowing two cases to proceed on the same issues, at the same time, in different courts hinders the goals the rule was created to advance, causing judicial waste and the risk of inconsistent judgments. *Amerifreight, Inc. v. Belacon Pallet Servs., LLC*, No. 2:15-CV-5607, 2015 WL 13037420, at *6 (C.D. Cal. Nov. 10, 2015).

Judicial waste is *imminent* here, as Judge Williams (who presides over the Delaware Action) is ordering cases with pending motions to dismiss (as in the Delaware Action) to continue. (*See*, *e.g.*, Exs. 8–10, *Stryker v. Treace Med*., No. 25-637-GBW, Dkt. 21 (D. Del. Oct. 27, 2025); *Densys*

*v. Align Tech., Inc.*, No. 25-768-GBW, Dkt. 19 (D. Del. Oct. 27, 2025); *Fujirebio Diagnostics v. Quanterix Corp.*, No. 25-659-GBW, Dkt. 30 (D. Del. Oct. 27, 2025).) Thus, the Delaware Action will likely continue while Ionis's motion to dismiss or transfer is pending, duplicating any proceedings here. To avoid conflicting judgments and judicial waste, conserve party resources, and abide by this District's practices, this Court should stay this action and defer to the District of Delaware to decide whether to apply the first-to-file rule.

### B. This Court should *not* discretionarily deny Arrowhead's Motion to Stay.

Ionis urges this Court not to defer to the District of Delaware and, instead, to use its discretion to deny Arrowhead's Motion for reasons of equity, mainly concerning itself with the "plainly anticipatory" nature of Arrowhead's Delaware filing and the delay caused by any stay issued. (Dkt. 27 at 5–7.) Ionis's arguments fall flat.

Ionis's cited cases in support of its position are easy to distinguish. (Dkt. 27 at 4–5.) In *Enteral Prods., LLC v. Meds Direct Rx of NY, LLC*, settlement discussions were ongoing between the parties, including partial payment under a contract, when plaintiff brought suit, a fact that the court considered in denying defendant's motion. No. CV-16-00915, 2016 WL 9185156, at *3 (C.D. Cal. Apr. 28, 2016). Likewise, in *Gordon v. Digital Basement* there were significant back-and-forth negotiations between the parties before the first case was filed. No. CV 14-09882, 2015 WL 13915248, at *3–*4 (C.D. Cal. Apr. 1, 2015).

As discussed below*,* even if Arrowhead's Delaware filing was anticipatory—which it was not—that is not dispositive, and this Court is not required to deny Arrowhead's Motion on those facts alone. *Elecs. for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1347–48 (Fed. Cir. 2005) (reversing dismissal of a first-filed case, finding "the district court abused its discretion in its dismissal order by focusing on the anticipatory nature of the suit.").

Ionis's concerns about improper delay and being "penalize[d]" should the Court grant the Motion to Stay are unfounded. (Dkt. 27 at 6.) As a threshold matter, there is no impediment to Ionis pursuing its case since the parties will continue to push their dispute forward in the District of Delaware. As noted, Judge Williams' current practice of ordering parties to proceed with discovery while motions to dismiss are pending alleviates any concern of Ionis being unable to pursue its case.

1  The parties are the same, the patent is the same, and the scope of discovery will be the same. Should Judge Williams determine that this Court is the proper forum to handle the dispute between these parties, any interim discovery in the District of Delaware will be equally applicable here.

Ionis also does not identify any "advantage" that Arrowhead gains due to additional time should this case be stayed. (*Id.* at 5.) Despite threatening "irreparable harm" in its September 3 letter to Arrowhead, the only relief Ionis requests is monetary (*See* Dkt. 1 at 15–16), so a stay will not "hinder" Ionis from obtaining equitable or injunctive relief. (*See also* Ex. 11 at 2 ("[W]e are not seeking to block the launch of this new therapy to patients.").) In fact, Ionis is not entitled to any relief because no alleged infringement has occurred to date; Arrowhead's plozasiran product remains under FDA review. Equitable considerations thus do not support denying Arrowhead's Motion. Ionis cites *No Cost Conference, Inc. v. Windstream Commc'ns, Inc.* to support allowing this case to proceed; however, that case is procedurally distinct because it involved an amended complaint which created uncertainty about which case was filed first. 940 F. Supp. 2d 1285, 1307 (S.D. Cal. 2013). Those facts are not present here.

Ionis's additional arguments fair no better. (Dkt. 27 at 6.) Proceedings in **either** forum could "skew" the transfer analysis, and Judge Williams has already issued Orders in similar cases indicating a general desire for cases to proceed through discovery where motions to dismiss are pending. (*See* Exs. 8–10.) Ionis's sole cited case, *In re Daimler Truck NA, LLC*, provides no support. No. 23-90, 2023 WL 2456069, at *1 (D. Del. Mar. 10, 2023). It concerned a motion to transfer a motion to quash a subpoena. *Id*. And there is no blanket rule against pausing discovery where there is a pending motion under the first-to-file rule, despite Ionis's insistence to the contrary. (Dkt. 27 at 6.) *Mason v. Spring EQ LLC*—again the only case cited by Ionis on this point—was brought to stay discovery pending a motion to dismiss based on failure to state a claim, not a motion to stay under the first-to-file rule. No. 5:24-cv-1833, 2024 WL 5424385, at *1 (C.D. Cal. Nov. 27, 2024) (stating "had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rule would contain a provision to that effect.")

Ionis also overstates the law. The Ninth Circuit has not "expressly rejected" that it is improper for a second-filed court to consider the convenience factors. (Dkt. 27 at 6 n.1.) *Pacesetter*

*v. Medtronic* found a second-filed action could consider the convenience factors in ***appropriate cases*** (e.g., customer exception suits) but reiterated the well-established rule that "normally the forum non conveniens argument should be addressed to the court in the first-filed action." 678 F.2d 93, 96 (9th Cir. 1982). *TWD, LLC v. Grunt Style LLC* is not to the contrary. No. 18-cv-532, 2018 WL 9536737, at *2–*4 (S.D. Cal. July 30, 2018). That court merely rejected a request to reconsider a prior decision under a "clear error" analysis for a motion made under Section 1404(a). *Id*. And *Gordon*, cited by Ionis, recognizes that "[a]pprehension that the first court would fail to appropriately consider the convenience of the parties and the witnesses should not be a matter for [this Court's] consideration." 2015 WL 13915248, at *5.

Finally, Ionis's suggestion that this Court "coordinate directly with the Delaware Court" (Dkt. 27 at 7) does nothing more than create more work for both Courts, when this Court can just as easily avoid duplicative activity by staying this case and deferring to Delaware, as courts in this District frequently do. *TCT Mobile*, 2020 WL 8172714, at *3–*4.

### III.  ALTERNATIVELY, THIS COURT SHOULD DISMISS OR TRANSFER

The Delaware Action was filed before this action, both Arrowhead and Ionis are the only parties involved in both actions, and both cases concern the '333 patent. Based on these facts, the first-to-file rule applies, and this Court should dismiss, or in the alternative, transfer this action to Delaware. *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991). Ionis's Opposition emphasizes the timing of Arrowhead's Delaware Complaint. But Ionis not only fails to recognize that anticipatory suit is just one factor in a multi-factor analysis but also misapplies the way in which courts in this District apply the anticipatory exception. Dismissal or transfer is appropriate here.

#### A.  The timing of the Delaware Action does not require the Court find an exception to the first-to-file rule.

Arrowhead's reason for filing the Delaware Action is plain: to avoid uncertainty and delay with respect to its patent rights in light of impending FDA approval for plozasiran. Most pressing, there was substantial business uncertainty as to whether Ionis would seek injunctive relief, as it threatened to do in its September 2025 Letter. (*See* Dkt. 1-2 (Ex. 2) at 2 (stating Arrowhead's

"decision to move forward with commercializing plozasiran" will cause Ionis "serious and irreparable harm" and that Ionis would "enforce its patent rights").) This uncertainty could be alleviated only by Arrowhead bringing suit.

Regardless, Ionis's arguments ignore the thrust of the first-to-file rule: whether a filing was anticipatory is merely one factor the Court may consider in determining whether to preclude the rule and is **not** an automatic basis for dismissal. *Hitherm, LLC v. Victaulic Co.*, No. 8:22-00924, 2022 WL 19239750, at *2 (C.D. Cal. July 7, 2022) (citing *Key Equip. Fin. v. Fed. Express Corp.*, No. CV 14-7534, 2014 WL 12966963, at *6 (C.D. Cal. Dec. 18, 2014)); *Elecs. for Imaging*, 394 F.3d at 1347–48. Other key considerations are whether the first-filed plaintiff short-circuited settlement talks or misrepresented its intentions to gain filing priority (i.e., whether the first-filed plaintiff acted in bad faith). *Hitherm*, 2022 WL 19239750, at *2.[1] And whether a party intended to preempt another's infringement action is weighed against the convenience and availability of witnesses, the lack of jurisdiction over necessary or desirable parties, and the potential for consolidation with related litigation. *Audionics Sys., Inc. v. AAMP of Fla., Inc.*, No. CV-12-10763, 2013 WL 12129650, at *8 (C.D. Cal. Apr. 19, 2013) ("[T]he court cannot, in light of Federal Circuit precedent, rely solely on its anticipatory nature to dismiss or transfer the action"); *Micron Tech., Inc. v. MOSAID Techs., Inc.*, 518 F.3d 897, 904 (Fed. Cir. 2008).

None of Ionis's cited cases support its suggestion that the timing of Arrowhead's Delaware filing precludes application of the first-to-file rule. (Dkt. 27 at 8–9.) *Carroll Shelby Licensing, Inc. v. Shelby Am. Auto. Club* did not apply a first-to-file analysis. No. CV 08-1556, 2008 WL 11338222, at *3 (C.D. Cal. Apr. 3, 2008). And *Aurora Corp. of Am. v. Fellowes, Inc.*, did not address the concerns of duplicative activity or conflicting judgments, which are significant here. No. CV 07-8306, 2008 WL 709198, at *1 (C.D. Cal. Feb. 27, 2008). Moreover, this is not a case like *Commc'ns Test Design, Inc. v. Contec, LLC*, where the first-filed plaintiff represented to the defendant that it

---

[1] Ionis ignores that the *Hitherm* court reached its decision in part because the first-filed plaintiff's suit "did not impede potential settlement discussions" where, as here, the parties were not engaged in *any* settlement discussion. *Id.* at *3. The same can be said about Ionis's characterizations of *Harbor Freight Tools, USA v. Champion Power Equip., Inc.*, in which the court recognized that "[a]nticipatory litigation is therefore not a problem just because the litigation is anticipatory. Rather, courts disfavor anticipatory suits because parties often use them as a way of forum shopping." No. 2:24-cv-08722, 2025 WL 819046, at *4 (C.D. Cal. Feb. 13, 2025).

was willing to engage in licensing negotiations, only to file suit two days later. 952 F.3d 1356, 1363–64 (Fed. Cir. 2020) (finding pre-suit communications, including express agreements to further licensing agreements, and conduct supported the district court's conclusion that the first-filed action was anticipatory, and further considering other factors because anticipatory nature of an action is "merely one factor in the analysis."). Even if bad faith, forum shopping, and anticipatory suit are independent exceptions to the first-to-file rule, as Ionis contends, courts in this Circuit consider all three together in deciding whether to apply the rule. *See, e.g.*, *Charles Schwab & Co. v. Duffy*, No. C98-03612, 1998 WL 879659, at *1 (N.D. Cal. Dec. 8, 1998).

Importantly, Arrowhead did not act in bad faith when filing its Complaint in the Delaware Action. To be clear, three letters and one email were exchanged between the parties between April and September of 2025, none including any licensing offers, agreements, negotiations, or representations about Arrowhead's intentions. (*See* Dkts. 20-6, 20-7, 1-2, and 1-3.) Arrowhead did not short-circuit any ongoing settlement talks between the parties because there were none, and Arrowhead did not misrepresent its intentions to gain filing priority. Ionis claims its September letter was an attempt to "initiate such [settlement] discussions." (Dkt. 27 at 13.) But the September letter was sent five business days before Ionis's deadline for filing suit, and months before plozasiran's FDA approval date. (*See* Dkt. 1-2 (Ex. 2).) Arrowhead also did not engage in forum shopping. As the *Harbor Freight* court found, forum-shopping was not a concern where a plaintiff filed suit in its *home district*, **just as Arrowhead did by filing suit in Delaware, its state of incorporation (and Ionis's)**. 2025 WL 819046, at *4. In fact, Arrowhead could not have brought suit in this District in the first instance because none of the venue requirements of 28 U.S.C. § 1391(b)(1)–(2) are met here. (*See* Dkt. 20-1 at Section IV.B.2.a.i.)

Even if accepted, Ionis's explanations for why Arrowhead filed the Delaware Complaint do not warrant finding an exception to the first-to-file rule.

**B.     The convenience factors do not favor this District.**

On balance, the convenience of the parties, the convenience of the witnesses, and the interests of justice do not weigh against applying the first-to-file rule. *TCT Mobile*, 2020 WL 8172714, at *2 (quoting *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 938 (Fed. Cir. 1993)).

1  Ionis's Opposition suggests that there is no connection between this dispute and the District of
2  Delaware, *ignoring that both Arrowhead and Ionis reside within Delaware*. (Dkt. 27 at 16.) Ionis
3  also seeks to create an artificial requirement for venue, under which any party that wants to litigate
4  in the District of Delaware needs to have documents and witnesses within the district. (*Id.* at 16,
5  18.) This is nonsensical, as Delaware is a common venue for commercial litigation that takes place
6  between companies like the parties here, *especially when the companies are both domiciled in*
7  *Delaware like Ionis and Arrowhead*. Ionis further contends the convenience factors "weigh
8  heavily" in this District's favor. Ionis's positions stray from the law of the Ninth Circuit, this
9  District, and with the facts of this case. Accordingly, this Court should transfer or dismiss this action
10 to allow Judge Williams to determine where this case should proceed.

### 1. The center of gravity is not the Central District of California.

Patent infringement claims arise where the alleged infringing activity occurs, or at the "center of gravity." *Signal IP, Inc. v. Ford Motor Co.*, No. CV14-03106, 2014 WL 4783537, at *3 (C.D. Cal. Sept. 25, 2014). Ionis maintains this case arises from Arrowhead's *future* marketing and sale of plozasiran, which it alleges will—*in the future*—induce physicians to infringe the '333 patent. (Dkt. 27 at 15.) More convoluted, Ionis connects the future nationwide marketing and sale of plozasiran (which is not yet FDA approved, let alone being marketed or sold anywhere) to this District by pointing to Arrowhead's Pasadena headquarters, where certain decisions about regulatory approval, marketing, and sales are made. (*Id.*) Decision-making alone is not enough to make this District the center of gravity of the future accused activity. *See Synopsys, Inc. v. Mentor Graphics Corp.*, No. 12-5025, 2013 WL 1365946, at *5 (N.D. Cal. Apr. 3, 2013). That executives may make certain marketing decisions from Pasadena does not uniquely situate this District to decide this issue.

The center of gravity is "as close as possible to the milieu of the infringing [product] and the hub of activity centered around its production." *Int'l Bus. Machines Corp. v. Zillow Grp., Inc.*, No. 8:19-cv-01777, 2020 WL 3977781, at *4 (C.D. Cal. May 28, 2020). This is a multifactorial inquiry, and the court should consider where the accused product was researched, developed, tested, produced, and marketed, and where sales decisions about the accused product occurred. *Synopsys*,

1  2013 WL 1365946; *Core Optical Techs. v. Juniper Networks*, No. 19-02189, 2021 WL 4513627, at *4–*5 (C.D. Cal. Apr. 1, 2021) (the center of gravity, in a case asserting method claims, is the location "with the greatest significance as to the research, design, and marketing of the accused products" and the "principal target of inquiry is the design and construction of the accused product")); *see also Fontem Ventures B.V. v. R.J. Reynolds Vapor Co.,* No. 16-2286, 2016 WL 7496721, at *3–*5 (C.D. Cal. Aug. 8, 2016). And despite what Ionis's Opposition would lead one to believe, it is the accused product itself that is central to this inquiry. *Signal IP,* 2014 WL 4783537, at *3 ("This location is often where the development, research, and marking of the accused product occurred").

Arrowhead conceived of and researched plozasiran in Wisconsin. (Dkt. 20-2 ("Bormett Decl.") ¶ 6.) In support of FDA approval, plozasiran is currently manufactured in Colorado, filled and finished in pre-filled syringes in the Southern District of California, and shipped to Pennsylvania for packaging. (*Id*. ¶¶ 8–10.) Following FDA approval, Arrowhead plans to transport the final product to Kentucky for storage and distribution. (*Id.* ¶ 11.) Arrowhead's supply chain is anchored in Wisconsin, and Arrowhead is making investments to enable commercial manufacturing of plozasiran from its Verona, Wisconsin facility. (*Id.* ¶ 12.) Arrowhead does not presently market or sell plozasiran anywhere, let alone within this District, but plans to market and sell the drug nationwide following FDA approval. (*Id*. ¶¶ 13–14.) In totality, the facts do not support that the center of gravity of this case is in the Central District of California. *See Dish Network, LLC v. Jadoo TV, Inc.*, No. CV 18-9768, 2020 WL 6536659, at *11 (C.D. Cal. Mar. 16, 2020) (finding the factor addressing where events occurred to be neutral because defendant sold TVs nationwide).

Ionis emphasizes that it was Arrowhead's *decision* to develop, commercialize, and seek regulatory approval for plozasiran that gave rise to the claims here, and that because these decisions were made from Arrowhead's Pasadena headquarters, the center of gravity is here. As support, Ionis cites *Regents of U.C. v. Boston Sci Corp.*, No. 16-cv-06266, 2017 WL 2335543, at *3 (N.D. Cal. May 30, 2017) (denying motion to dismiss under 12(b)(6) based on ramp up activities) and *Zinus, Inc. v. Classic Brands, LLC*, No. 19-5455, 2019 WL 8226076, at *3 (C.D. Cal. Oct. 3, 2019) (giving less weight to the location of defendant's warehouse because it did not house the same marketing,

1  *development*, and sales information as in its headquarters) (emphasis added) (Dkt. 27 at 16.) These cases are not analogous to the facts here: there have been no alleged infringing sales of plozasiran, no marketing of plozasiran, and documents related to the future marketing and sales, and the development of plozasiran, are located in Wisconsin, Pasadena, *and* San Diego, and all can be produced electronically. (Dkt. 20-2 (Bormett Decl.) ¶¶ 18, 20.) This includes Arrowhead's physical laboratory notebooks, which are located in Wisconsin. (*Id.* ¶ 19.) And again, decision-making is merely one factor this Court may consider in determining where the center of gravity is. *Synopsys, Inc*, 2013 WL 1365946, at *5. That Executives may make certain marketing decisions about plozasiran from Pasadena is far from dispositive and does not uniquely situate this District to decide this issue.

### 2. The Central District of California is not more convenient.

The relevant witnesses in this case are located across the country. Arrowhead's employees likely to have discoverable information are also located in Wisconsin, Michigan, South Carolina, and in the Southern and Northern Districts of California. (Dkt. 20-2 (Bormett Decl.) ¶¶ 15, 16.) Ionis points to its own witnesses, located in Carlsbad, California. Ionis does not mention in its brief, however, that an inventor of the '333 patent and a key witness, Nicholas Viney, currently resides in the United Kingdom. (*See* Ex. 12.) Furthermore, the drive from Ionis's headquarters in Carlsbad to this Court in Los Angeles is approximately between 94 and 103 miles. (Ex. 13.). That is not so much more convenient to warrant overriding the first-to-file rule. And for Arrowhead's witnesses, many of whom reside in and work from Wisconsin, it is a shorter flight to Delaware than to Los Angeles. *Compare* Ex. 14 (flight from Madison, Wisconsin to Wilmington, Delaware is 4-5 hours with one stop) *with* Ex. 15 (flight from Madison to Los Angeles is 4-5 hours with one stop). This District is not more convenient for relevant witnesses than the District of Delaware as Ionis claims.

### 3. Weighted filings are an accepted metric for measuring court congestion.

The court congestion factor weighs in Arrowhead's favor. Ionis points to various metrics to support that this District is less backlogged than the District of Delaware. Not so. Weighted filings per judgeship is the prevailing metric used by both the Ninth Circuit and this District to determine court congestion. *See, e.g.*, *Greben v. Cinmar, LLC*, No. 2:24-cv-10140, 2025 WL 1765916, at *6

(C.D. Cal. May 30, 2025); *In re Approval of the Judicial Emergency Declared in S.D. Cal.*, 955 F.3d 1135, 1138 (9th Cir. 2020); *see also Goff v. Nationwide Mut. Ins. Co.*, No. 17-7358, 2018 WL 6003578, at *7 (C.D. Cal. Apr. 5, 2018) (finding weighted filing statistics to be "the more relevant and revealing statistic" where cited for filings per judgeship).

Ionis encourages this Court to look to the time to trial, number of pending cases per judgeship, and percentage of civil cases over three years old as more accurate reflections of the burdens imposed on district courts by patent cases based on *Allen Med. v. Mizuho Orthopedic Sys., Inc.*, No. 21-1739, 2022 WL 1046258, at *3 (D. Del. Apr. 7, 2022). (Dkt. 27 at 19.) That opinion was issued by Judge Colm F. Connolly in the District of Delaware. One judge's view on weighted filings should not control this Court's decision, particularly when it runs counter to the bulk of caselaw in this jurisdiction. And Ionis's argument that the high volume of Hatch-Waxman cases in Delaware skews the average time-to-trial is unsupported, by either caselaw or any other authority. Therefore, the court congestion factor favors applying the first-to-file rule.

### 4. Local interest is not relevant.

The local interest factor discussed by Ionis is not relevant here. This litigation is between competing multi-billion-dollar pharmaceutical companies who operate nationwide. The FDA is currently reviewing Arrowhead's plozasiran product (a drug that will treat an ultra-rare disease) to grant it approval to market nationwide. Any local interest in "the work and reputation of several individuals residing in or near a district and who presumably conduct business in the community," does not apply here. *In re Hoffman-La Roche Inc.*, 587 F.3d 1333, 1336 (Fed. Cir. 2009) (applying the Fifth Circuit's convenience factors).

## IV.  CONCLUSION

For the foregoing reasons, Arrowhead asks this Court to stay this action pending resolution of Ionis's Motion to Dismiss or Transfer in the Delaware Action, or in the alternative, dismiss or transfer this case to Delaware.

| | | |
|---|---|---|
| 1 | Dated: November 17, 2025 | FISH & RICHARDSON P.C. |
| 2 | | |
| 3 | | By: */s/ Megan A. Chacon* |
| 4 | | Megan A. Chacon (SBN 304912)<br>FISH & RICHARDSON P.C. |
| 5 | | 4695 MacArthur Court, Ste. 1100<br>Newport Beach, CA 92660 |
| 6 | | Tel: (949) 623-7640 / Fax: (858) 678-5099<br>Email: chacon@fr.com |
| 7 | | |
| 8 | | Louis E. Fogel (*admitted pro hac vice*)<br>FISH & RICHARDSON P.C. |
| 9 | | 150 N. Riverside Plaza, Ste. 2820<br>Chicago, IL 60606 |
| 10 | | Telephone: (312) 278-2700<br>Email: fogel@fr.com |
| 11 | | |
| 12 | | Attorneys for Defendant<br>Arrowhead Pharmaceuticals, Inc |