UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IONIS PHARMACEUTICALS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ARROWHEAD PHARMACEUTICALS, INC.,<br><br>Defendant. | Case No. 2:25-cv-08609-HDV-AGR<br><br>**ORDER DENYING DEFENDANT'S MOTION TO STAY, OR IN THE ALTERNATIVE, DISMISS OR TRANSFER UNDER THE FIRST-TO-FILE RULE [20]** |

## I. INTRODUCTION

This case involves two pharmaceutical companies competing in the same marketspace to develop drug therapies for rare diseases. Plaintiff Ionis Pharmaceuticals, Inc. ("Ionis" or "Plaintiff") developed a first-approved drug therapy to treat an ultra-rare and severe disorder called familial chylomicronemia syndrome ("FCS") which causes dangerously high triglyceride levels. Complaint ¶¶ 7-9, 23-26. [Dkt. 1]. Ionis Ionis's patent application for its new drug therapy invention—olezarsen—was granted by the U.S. Patent and Trademark Office and designated patent '333. *Id.* ¶ 24. Olezarsen was given expedited review by the FDA, as well as Fast Track and Breakthrough Designation, in light of its importance in treating people with FCS. Olezarsen—now marketed as Tryngolza®[1]—was approved by the FDA in December 2024. *Id.* ¶¶ 24-26.

Defendant Arrowhead Pharmaceuticals, Inc. ("Arrowhead" or "Defendant") also began developing a drug treatment therapy targeted to treat people afflicted by FCS, purportedly using the same inhibitors involved in Ionis's drug therapy invention. *Id.* ¶¶ 9, 30. Arrowhead submitted its new drug therapy—plozasiran—to the FDA in January 2025 with its submission expected to be acted on by November 2025, less than a year after Tryngolza® reached the market. *Id.* ¶ 35.

Not surprisingly, conflict ensued. Ionis sent Arrowhead a letter on September 3, 2025, indicating its intent to sue for patent infringement on September 11, 2025 in the United States District Court for the Central District of California (the "September 3, 2025 Letter"). Complaint ¶ 37, Ex. 2 [Dkt. 1-2]. On September 10, 2025, Arrowhead filed a Declaratory Judgment action against Ionis in the District of Delaware (the "Delaware Action"). *Id.* Ionis contends that plozasiran infringes its patent for Tryngolza® and sued Arrowhead for patent infringement in the present case on September 11, 2025. *Id.* ¶10.

Arrowhead now brings this motion to stay, or in the alternative, dismiss or transfer the case under the first-to-file rule (the "Motion"). [Dkt. 20]. The Court finds that Arrowhead's Delaware Action constitutes a plainly anticipatory suit. The Court also notes that, concurrently with the filing

---

[1] Earlier iterations of the drug were called volanesorsen and olezarsen.

2

of this Order, the Delaware Action was dismissed on December 23, 2025. [Dkt. 31]. On that basis, and for the reasons discussed below, the Motion is denied.

## II. BACKGROUND

Ionis and Arrowhead are both incorporated in Delaware with primary locations in southern California. Complaint ¶¶ 12, 15. Ionis is headquartered in Carlsbad, *id.*, while Arrowhead is headquartered in Pasadena. Declaration of David Bormett ("Bormett Decl.") ¶ 2 [Dkt. 20-2].Bormett Decl. ¶ 2. Both companies also compete in the same rare-disease marketspace and specifically in drug therapy for the treatment of FCS, an ultra-rare and severe disorder that causes dangerously high triglyceride levels. Motion at 1.

Ionis developed the first-approved drug therapy for treating FCS which works by inhibiting a specific protein, ApoCIII, and improves the body's ability to break down triglycerides. Complaint ¶¶ 19-23, 25-26, 28. Ionis applied for and was granted a patent from the U.S. Patent Office for its drug therapy invention (the "'333 patent")[2]. *Id.* ¶¶ 24-26. The FDA approved olezarsen in December 2024 and granted it Breakthrough Therapy designation, stating, "[t]his is a first-in-class approval, meaning [olezarsen] uses a new mechanism of action, or works differently in the body, than other therapies currently used to treat FCS." *Id.* After years of research and "realizing extraordinary clinical results," Ionis reported its invention in the *New England journal of Medicine* (the "NEJM"). *Id.* ¶¶ 23, 29. Ionis's research has been cited over 190 times since the NEJM article's publication. *Id.* Ionis's publication disclosure form in the NEJM "discloses that Ionis's research is covered by a patent application that issued as the '333 patent." *Id.* ¶ 30. Olezarsen in now marketed as Tryngolza®. *Id.* ¶ 26.

In December 2018, Arrowhead announced that it was entering clinical trials for an ApoIII inhibitor, also intended to treat people with FCS. *Id.* ¶ 29. Arrowhead "proceeded on this path, despite knowing that Ionis already patented the use of ApoCIII inhibitors to treat people" with the same condition in its '333 patent. *Id.* ¶ 30. Arrowhead also published a paper on ApoCIII inhibition citing Ionis's prior publication, indicating Arrowhead was, at a minimum, "willfully blind to the

---

[2] U.S. Patent No. 9,593,333.

existence of the '333 patent." *Id.* Arrowhead's drug therapy—plozasiran—was submitted to the FDA in January 2025. *Id.* ¶ 35. In November 2025, less than a year after Tryngolza® reached the market, the FDA was scheduled to act upon the submission by Arrowhead. *Id.*

On September 3, 2025, Ionis's CEO sent a letter to Arrowhead's general counsel. *Id.* ¶ 37. The letter stated that "[u]nless we are able to resolve this dispute first, Ionis intends to seek relief for Arrowhead's blatant patent infringement by filing suit against Arrowhead in the United States District Cout for the Central District of California on September 11, 2025 to enforce its patent rights." *Id.* The letter informed Arrowhead that Ionis "remains open to constructive dialogue, but if we do not hear from you promptly we will move forward with enforcement of the '333 patent." *Id.*

In response, Arrowhead's deputy general counsel confirmed receipt of Ionis's letter and stated, "[we] are evaluating it," but did not respond further. *Id.*, Ex. 3 [Dkt. 1-3]. On September 10, 2025, Arrowhead filed the Delaware Action. *Id.* ¶ 37. *See Arrowhead Pharmaceuticals v. Ionis Pharmaceuticals*, Case No. 1:25-cv-01130 (D. Del.). One day later, Ionis brought this suit for patent infringement under 35 U.S.C. Sections 271 (b) and (c). *Id.* ¶¶ 10, 38, 46-49, 54, 59-62.

Arrowhead now moves to stay, or in the alternative, dismiss or transfer the case under the first-to-file rule. The Motion is fully briefed. The Court heard oral argument on November 20, 2025 and took the matter under submission. [Dkt. 33].

### III.    LEGAL STANDARD

"There is a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982). Pursuant to this doctrine, known as the first–to-file rule, "when two identical actions are filed in courts of concurrent jurisdiction, the court which first acquired jurisdiction should try the lawsuit." *Id.* at 95. The first-to-file rule should not be rigidly and mechanically applied; a federal district court has the discretion to dismiss, stay, or transfer a case to another district under the First–Filed rule. *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 628 (9th Cir. 1991); *see also Pacesetter Sys., Inc.*, 678 F.2d at 95. Three threshold factors are examined to determine whether the first-to-file rule applies: (1) the chronology of the two actions; (2) the

4

1  similarity of the parties; and (3) the similarity of the issues. *Id.* at 625.

2  Exceptions to this general rule are made in certain equitable circumstances including "bad faith . . . anticipatory suit, or forum shopping." *Id.* at 628 (internal citations omitted). "Anticipatory suits are disfavored because they are aspects of forum-shopping." *Id.* (quoting *Mission Ins. Co. v. Puritan Fashions Corp.,* 706 F.2d 599, 602 n. 3 (5th Cir. 1983)). Anticipatory suits exist "when the 'plaintiff in the first–filed action filed suit on receipt of specific, concrete indications that a suit by the defendant was imminent,' and are viewed with disfavor as examples of forum shopping and gamesmanship." *Enteral Products v. Meds Direct,* 2016 WL 9185156, at *2 (C.D. Cal. Apr. 28, 2016) (quoting *Gunthy-Renker Fitness, LLC v. Icon Health & Fitness, Inc.,* 179 F.R.D. 264, 271 (C.D. Cal. 1998)). The anticipatory filing exception to the first-to-file rule is recognized by courts in order to prevent parties from "rac[ing] to the courthouse" to preempt a subsequent action in a different forum. *Gordon v. Digital Basement,* 2015 WL 13915248, at *3 (C.D. Cal. Apr. 1, 2015). A fundamental component of the first-to-file doctrine "is that it is discretionary;" it is the province of district court to, "in the exercise of [its] discretion, dispense with the first-filed principle for reasons of equity." *Alltrade, Inc.*, 946 F.2d at 628.

## IV. DISCUSSION

Arrowhead moves to stay this action under the first-to-file rule, asserting that because the first action filed was in Delaware, this Court should stay its proceedings and defer to the Delaware court to decide whether the first-to-file rule or any of its exceptions apply. Motion at 1. Conversely, Ionis avers that the first-to-file rule does not apply here because Arrowhead's Delaware suit is plainly anticipatory, and falls squarely within the exception to the first-to-file rule. Opposition at 4. Even though Arrowhead's Delaware Action was technically filed first, Ionis contends, it is a "textbook example of an 'anticipatory suit' filed for the purpose of forum-shopping." *Id.* at 1. Ionis disclosed in the September 3 , 20205 letter when it was going to file its lawsuit (on September 11, 2025), and in what venue (the Central District of California). *Id.* at 2. By filing its declaratory judgment action ahead of Ionis on September 10, 2026—without any discussion or offering any potential resolution—Ionis contends that Arrowhead engaged in an obvious attempt to supersede its forum choice. *Id.* Thus, Ionis urges the Court to exercise its discretion and ***not*** defer to the first-

1  filed suit, and instead apply the anticipatory filing exception. *Id.* at 4-5. The Court agrees for the
2  reasons discussed below.
3        In support of its position, Ionis cites to two cases that are instructive. *See Gordon v. Digital*
4  *Basement,* 2015 WL 13915248 ("*Gordon*") and *Enteral Products v. Meds Direct,* 2016 WL 9185156
5  ("*Enteral*").
6        In *Gordon*, after the parties had been involved in negotiations, the plaintiff sent defendant an
7  email requesting that defendant sign a tolling agreement and stated that plaintiff would immediately
8  commence litigation if the defendant failed to provide a signature. 2015 WL 13915248, at *1-2.
9  The day after the deadline set by the plaintiff had passed, the defendant filed suit in Georgia. *Id.* at
10 *2. The court found that "the anticipatory nature of the Georgia Action suffices to establish a proper
11 exception to the first to file rule." *Id.* at *3 (citing *Xoxide, Inc. v. Ford Motor Co.,* 448 F. Supp. 2d
12 1188, 1193 (C.D. Cal. 2006)). The court based its finding in large part on the rationale that "because
13 applying the first to file rule under these circumstances would thwart settlement [and] encourage
14 intellectual property holders to file suit rather than communicate with an alleged infringer." *Id.*
15 (internal quotations and citations omitted).
16       In *Enteral,* the court similarly applied the anticipatory lawsuit exception to the first-filed
17 doctrine and declined to dismiss the second-filed lawsuit. 2016 WL 9185156, at *4. The court
18 found that the ongoing settlement discussions by the parties, the awareness by the plaintiff of an
19 imminent lawsuit, and plaintiff's quick filing of the action for declaratory judgment "all strongly
20 suggest that [plaintiff] filed an anticipatory lawsuit with the central purpose of forum shopping."
21 *Enteral,* at *3.
22       The facts of the present case are analogous to those of *Gordon* and *Enteral*, warranting the
23 application of the anticipatory exception to the first-to-file rule. Here, Arrowhead filed an action for
24 patent infringement and declaratory relief after "receiving specific and concrete indications . . . that a
25 suit was imminent." *See Gordon,* 2015 WL 13915248, at *3; *see also Optima v. Channel Clarity,*
26 2015 WL 12765540, at *3 (C.D. Cal. Feb, 11, 2015) (court found declaratory action filed in response
27 to letter stating if defendant "did not agree to modify its website . . . one week after the letter was
28 sent" plaintiff would "have no choice but . . . to pursue legal action" was "squarely" an "anticipatory

suit."). Further, Arrowhead filed its action ***the day before*** Ionis had indicated it was planning to file its suit in the Central District, and did so without any attempt at discussion despite Ionis specifically stating that it was "open to constructive dialogue." Complaint ¶ 37. Lastly, Arrowhead also does not provide any credible reason for selecting Delaware as its venue for the declaratory relief action to refute its assertion that it did not engage in forum selection.[3] There are no connections to Delaware—no witnesses, conduct, or facilities—besides it being the state of incorporation for the companies. Opposition at 13; Bormett Decl. ¶¶ 6-17. Arrowhead's research for plozasiran occurred in Wisconsin, it is manufactured in Colorado, and its supply chain is based out of Wisconsin. Motion at 12; Bormett Decl. ¶¶ 6, 8-12. Moreover, Ionis and Arrowhead are both headquartered in southern California where their executive, commercial, financial, and regulatory teams are located. Motion at 12; Opposition at 3; Horning Decl. ¶ 4, Exs. C-J, Ex. M.

In light of the foregoing, the Court concludes that the Delaware Action was clearly anticipatory and therefore declines to defer to the first-filed suit. The Motion to stay, or alternatively, to dismiss or transfer, is denied.

## V.     CONCLUSION

For the reasons set forth above, Arrowhead's Motion is denied.

Dated: December 29, 2025

Hernán D. Vera
United States District Judge

---

[3] The Court recognizes that, because it finds the anticipatory filing exception dispositive, it is not required to consider forum *non conveniens* factors. *See Gordon,* 2015 WL 13915248, at *5 (citing *Pacesetters Systems, Inc.,* 678 F.2d at 96 ("the forum non conveniens argument should be addressed to the court in the first-filed action" as "[a]pprehension that the first court would fail to appropriately consider the convenience of the parties and the witnesses should not be a matter for our consideration.")).