**UMHOFER, MITCHELL & KING LLP**
Matthew Donald Umhofer (SBN 206607)
Margaret E. Dayton (SBN 274353)
767 S. Alameda St., Suite 270
Los Angeles, CA 90021
Telephone: (213) 394-7979
Facsimile: (213) 529-1027
matthew@umklaw.com
peggy@umklaw.com

**WILLIAMS & CONNOLLY LLP** (Of Counsel)
Jessamyn S. Berniker (*pro hac vice*)
Thomas S. Fletcher (SBN 262693)
Kathryn S. Kayali (*pro hac vice*)
Michael Xun Liu (*pro hac vice*)
680 Maine Avenue, SW
Washington, DC 20024
(202) 434-5000
jberniker@wc.com
tfletcher@wc.com
kkayali@wc.com
mliu@wc.com

*Attorneys for Plaintiff Ionis Pharmaceuticals, Inc.*

# IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IONIS PHARMACEUTICALS, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>ARROWHEAD PHARMACEUTICALS, INC., a Delaware corporation,<br><br>Defendant. | Case No. 2:25-cv-8609-HDV-AGR<br><br>**PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIMS AND DEMAND FOR JURY TRIAL** |

---

*PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIMS AND DEMAND FOR JURY TRIAL*

Plaintiff Ionis Pharmaceuticals, Inc. ("Ionis" or "Plaintiff"), by its attorneys, hereby answers the counterclaims of Defendant Arrowhead Pharmaceuticals, Inc. ("Arrowhead" or "Defendant"), using the paragraph numbers of Arrowhead's Answer to Complaint and Counterclaims to Plaintiff's Complaint, Dkt. 33, as follows:

## PARTIES

1. Arrowhead Pharmaceuticals, Inc. is a corporation organized and existing under the laws of the State of Delaware, having its headquarters at 177 East Colorado Boulevard, Suite 700, Pasadena, California 91105.

**RESPONSE**: Upon information and belief, admitted.

2. Upon information and belief, and based upon Paragraph 11 of the Complaint, Ionis Pharmaceuticals is a corporation organized under the laws of the State of Delaware, having its principal place of business at 2855 Gazelle Court, Carlsbad, California 92010.

**RESPONSE**: Admitted that Ionis Pharmaceuticals is a corporation organized under the laws of the State of Delaware, having its principal place of business at 2855 Gazelle Court, Carlsbad, California 92010.

## JURISDICTION AND VENUE

3. Arrowhead realleges the foregoing paragraphs as if fully set forth herein.

**RESPONSE**: Plaintiff restates its responses to the foregoing paragraphs as if fully set forth herein.

4. These counterclaims arise under the Patent Laws of the United States, Title 35, United States Code. The subject matter jurisdiction of this Court is proper under at least 35 U.S.C. §§ 1331 and 1338.

**RESPONSE**: The allegations of paragraph 4 are legal conclusions to which no response is required. To the extent a response is required, Plaintiff does not contest subject matter jurisdiction for the purposes of this action.

5. Ionis has consented to the personal jurisdiction of this Court at least by commencing its action for patent infringement in this District.

**RESPONSE**: The allegations of paragraph 5 are legal conclusions to which no response is required.  To the extent a response is required, Plaintiff does not contest personal jurisdiction for the purposes of this action.

6. Venue is proper in this District pursuant to at least 28 U.S.C. §§ 1391 and 1400.

**RESPONSE**: The allegations of paragraph 6 are legal conclusions to which no response is required.  To the extent a response is required, Plaintiff does not contest venue for the purposes of this action.

## COUNTERCLAIM COUNT I

### (Declaratory Judgment of Non-infringement of the '333 Patent)

7. Arrowhead realleges the foregoing paragraphs as if fully set forth herein.

**RESPONSE**: Plaintiff restates its responses to the foregoing paragraphs as if fully set forth herein.

8. Based on Ionis's filing of this action, and at least Arrowhead's First Affirmative Defense, an actual and justiciable controversy now exists between the parties as to whether Arrowhead infringes U.S. Patent No. 9,593,333 (the "'333 patent").

**RESPONSE**: The allegations of paragraph 8 are legal conclusions to which no response is required.  To the extent a response is required, admitted that there is an actual and justiciable controversy between the parties concerning Arrowhead's infringement of the '333 patent.

9. Arrowhead has not infringed and will not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claims of the '333 patent under 35 U.S.C. § 271. For example, and without limitation to other non-infringement defenses and/or counterclaims Arrowhead may raise in this action, no valid claim of the '333 patent encompasses a method of treating LPLD using small interfering RNA (siRNAi) therapeutic that utilize the RNA interference (RNAi) mechanism. Because Arrowhead's Redemplo® (plozasiran) treats familial chylomicronemia

syndrome ("FCS"), Arrowhead does not and will not infringe any valid and enforceable claim of the '333 patent.

**RESPONSE**: Denied.

10. Pursuant to 28 U.S.C. § 2201 et seq., Arrowhead is entitled to a judicial declaration that the making, use, offer for sale, sale, or import into the United States of Arrowhead's Redemplo® (plozasiran) does not and will not infringe any valid or enforceable claim of the '333 patent under 35 U.S.C. § 271.  Such a declaration is necessary and appropriate at this time to determine the rights and obligations of the parties.

**RESPONSE**: Paragraph 10 states a legal conclusion to which no response is required. To the extent a response is required, denied.

## COUNTERCLAIM COUNT II

### (Declaratory Judgment of Invalidity of the '333 Patent)

11. Arrowhead realleges the foregoing paragraphs as if fully set forth herein.

**RESPONSE**: Plaintiff restates its responses to the foregoing paragraphs as if fully set forth herein.

12. Based on Ionis's filing of this action and at least Arrowhead's Second Affirmative Defense, an actual and justiciable controversy now exists between the parties as to whether the claims of the '333 patent are valid.

**RESPONSE**: The allegations of paragraph 12 are legal conclusions to which no response is required.  To the extent a response is required, admitted that there is an actual and justiciable controversy between the parties concerning the validity of the claims of the '333 patent, and denied that the claims of the '333 patent are invalid.

13. The claims of the '333 patent are invalid for failing to meet the requirements of Title 35 of the United States Code, including without limitation, one or more of §§ 101, 102, 103, and 112, improper inventorship, the doctrine of obviousness-type double patenting, and/or pursuant to other judicially created or non-statutory requirements for patentability and/or equitable doctrines.

1    **RESPONSE**: Denied.

2        14.    As one example, the claims of the '333 patent are invalid for anticipation
3    under 35 U.S.C. § 102 and/or obviousness under 35 U.S.C. § 103 in light of prior art
4    that published or was otherwise available to the public before the earliest possible
5    priority date of the '333 patent.

6    **RESPONSE**: Denied.

7        15.    For example, and without limiting the grounds of invalidity or invalidating
8    prior art that will be asserted in this action, the following prior art references anticipate
9    and/or render obvious each and every claim of the '333 patent: U.S. Patent No.
10   7,598,227; International Pat. App. Pub. No. WO2010/080953 (published July 15, 2010)
11   ("Mullick"); International Pat. App. Pub. No. WO2012/149495 (published November 1,
12   2012) ("Mullick II"); International Pat. App. Pub. No. WO2010/083615 (published July
13   29, 2010) ("Macdonald"); International Pat. App. Pub. No. WO2012/177947 (published
14   December 27, 2012) ("Bettencourt"); Ionis Pharma., Inc., *Safety, Tolerability, and*
15   *Pharmacokinetic Study of ISIS ApoC-III Rx in Hypertriglyceridemia*, NIH,
16   https://clinicaltrials.gov/study/NCT01529424 (published February 7, 2012); Paavo K.J.
17   Kinnunen & Christian Ehnholm, *Effect of Serum and C-apoproteins from Very Low*
18   *Density Lipoproteins on Human Postheparin Plasma Hepatic Lipase*, 65 FEBS
19   LETTERS 354, 354–57 (1976); Ephraim Sehayek & Shlomo Eisenberg, *Mechanisms of*
20   *Inhibition by Apolipoprotein C of Apolipoprotein Edependent Cellular Metabolism of*
21   *Human Triglyceride-rich Lipoproteins Through the Low Density Lipoprotein Receptor*
22   *Pathway*, 266 J. BIOLOGICAL CHEMISTRY 18259, 18259–67 (1991); K. Aalto-
23   Setala et al., *Mechanism of Hypertriglyceridemia in Human Apolipoprotein (Apo) CIII*
24   *Transgenic Mice*, 90 J. CLINICAL INVESTIGATION 1889, 1889–1900 (1992); Pat.
25   Pub. No. US2011/0060030 (published on March 10, 2011) ("Crooke"); Miek C. Jong et
26   al., *Role of ApoCs in Lipoprotein Metabolism: Functional Differences Between ApoC1,*
27   *ApoC2, and ApoC3*, 19 ARTERIOSCLEROSIS, THROMBOSIS, & VASCULAR
28   BIOLOGY 472, 472–84 (1999); Christopher J. Mann et al., *Inhibitory Effects of Specific*

*Apolipoprotein C-III Isoforms on the Binding of Triglyceride-rich Lipoproteins to the Lipolysis-stimulated Receptor*, 272 J. BIOLOGICAL CHEMISTRY 31348, 31348–54 (1997); Ronald M. Krauss, *Lipids and Lipoproteins in Patients with Type 2 Diabetes*, 27 DIABETES CARE 1496, 1496–1504 (2004); Esther M. M. Ooi et al., *Apolipoprotein C-III: Understanding an Emerging Cardiovascular Risk Factor*, 114 CLINICAL SCI. 611, 611–24 (2008); Chunyu Zheng et al., *Apolipoprotein C-III and the Metabolic Basis for Hypertriglyceridemia and the Dense Low-Density Lipoprotein Phenotype*, 121 CIRCULATION 1722, 1722–34 (2010); Donald S. Fredrickson, et al., *A System for Phenotyping Hyperlipoproteinemia*, 31 CIRCULATION 321, 321–27 (1965); Donald S. Fredrickson et al., *Fat Transport in Lipoproteins – An Integrated Approach to Mechanisms and Disorders (Continued)*, 276 NEJM 148, 148–56 (1967); Alan Chait et al., *Chylomicronemia Syndrome,* 37 ADVANCES IN INTERNAL MED. 249, 249–73 (1992); Tetsu Ebara et al., *Chylomicronemia due to Apolipoprotein CIII Overexpression in Apolipoprotein E-null Mice*, 99 J. CLINICAL INVESTIGATION 2672, 2672–81 (1997); Neil S. Schachter, *Apolipoproteins C-I and C-III as important modulators of lipoprotein metabolism*, 12 CURRENT OP. IN LIPIDOLOGY 297, 297–304 (2001); Frances T. Yen et al., *Lipolysis Stimulated Lipoprotein Receptor: A Novel Molecular Link Between Hyperlipidemia, Weight Gain, and Atherosclerosis in Mice*, 283 J. BIOLOGICAL CHEMISTRY 25650, 25650–59 (2008); Kristin I. Stanford et al., *Syndecan-1 is the Primary Heparan Sulfate Proteoglycan Mediating Hepatic Clearance of Triglyceride-rich Lipoproteins in Mice*, 119 J. CLINICAL INVESTIGATION 3236, 3236–45 (2009); Karine Tremblay et al., *Etiology and Risk of Lactescent Plasma and Severe Hypertriglyceridemia*, 5 J. CLINICAL LIPIDOLOGY 37, 37–44 (2011); Cynthia Chatterjee & Daniel Sparks, *Hepatic Lipase, High Density Lipoproteins, and Hypertriglyceridemia*, 178 AM. J. PATHOLOGY 1429, 1429–33 (2011); Takanari Gotoda et al., *Diagnosis and Management of Type I and Type V Hyperlipoproteinemia,* 19 J. ATHEROSCLEROSIS & THROMBOSIS. 1, 1–12 (2012); Zemin Yao & Yuwei

Wang, *Apolipoprotein C-III and Hepatic Triglyceride-rich Lipoprotein Production*, 23 CURRENT OP. LIPIDOLOGY 206, 206–12 (2012).

**RESPONSE**: Denied.

16. As another example, and without limiting the invalidity defenses and/or counterclaims that may be asserted in this action, each claim of the '333 patent is invalid for lack of written description, lack of enablement, and/or indefiniteness under 35 U.S.C. § 112.

**RESPONSE**: Denied.

17. The claims of the '333 patent are directed to treating or ameliorating lipoprotein lipase deficiency (LPLD) through administration of an APOC-III specific inhibitor. But the '333 patent fails to provide sufficient written description and/or enabling disclosure, such as a representative number of species falling within the broad genus of APOC-III specific inhibitors that would treat or ameliorate LPLD or structural features common to the members of that broad genus so that one of skill in the art at the time of the purported invention could visualize or recognize all members of the purportedly claimed genus. Indeed, for example, the breadth of the claims of the '333 patent is so broad as to cover at least any form of the claimed APOC-III specific inhibitor, any animal, and any therapeutically effective amount, without the requisite disclosure in the specification. Therefore, the '333 patent specification fails to convey to a person of ordinary skill in the art that the inventors were in possession of the full scope of the claimed invention.

**RESPONSE**: Admitted that Claim 1 of the '333 patent is directed to "[a] method of treating or ameliorating lipoprotein lipase deficiency (LPLD) in an animal comprising administering a therapeutically effective amount of a compound comprising an ApoCIII specific inhibitor to the animal, wherein: administering the compound reduces a triglyceride level by at least 10%, thereby treating or ameliorating LPLD." Otherwise, denied.

18. In addition, given the breadth of the claims, the specification fails to teach a person of ordinary skill in the art how to make and/or use the full scope of the claimed invention without undue experimentation.

**RESPONSE**: Denied.

19. Pursuant to 28 U.S.C. § 2201 *et seq*., Arrowhead is entitled to a judicial declaration that all the claims of the '333 patent are invalid. Such a declaration is necessary and appropriate at this time to determine the rights and obligations of the parties.

**RESPONSE**: Paragraph 19 states a legal conclusion to which no response is required. To the extent a response is required, denied.

## PRAYER FOR RELIEF

The "WHEREFORE" paragraphs following paragraph 19 state a Prayer for Relief, to which no response is required. To the extent a response is required, Plaintiff denies that Arrowhead is entitled to any of the relief in the prayer for relief, or to any relief whatsoever.

\* \* \*

Any allegation in the Counterclaims not expressly admitted herein is hereby denied.

## AFFIRMATIVE DEFENSES TO COUNTERCLAIMS

Plaintiff affirmatively states the following defenses, undertaking the burden of proof only to the extent required by law:

### FIRST AFFIRMATIVE DEFENSE

Each of Arrowhead's Counterclaims has failed to state a claim upon which relief can be granted. For example, Arrowhead has alleged no facts that, if true, would show that the '333 patent is not infringed or invalid for any reason.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff reserves the right to supplement and/or amend these affirmative defenses as additional facts may become available or apparent during discovery proceedings.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

(a) An order dismissing each of Arrowhead's counterclaims, with prejudice, and denying all relief sought by Arrowhead;

(b) A declaration that the commercial manufacture, use, offer for sale, and/or sale in the United States, or import into the United States, of plozasiran before the expiration of the '333 patent by Arrowhead induces and/or contributes to the infringement of the '333 patent;

(c) That judgment be entered that Arrowhead has infringed one or more claims of the '333 patent through the offer for sale and/or sale in the United States, or import into the United States of plozasiran before the expiration of the '333 patent;

(d) That Ionis be awarded damages in an amount sufficient to compensate Ionis for Arrowhead's infringement of the '333 patent, together with prejudgment and post-judgment interest and costs under 35 U.S.C. § 284;

(e) That Ionis be awarded enhanced damages pursuant to 35 U.S.C. § 284 for Arrowhead's willful infringement of the '333 patent;

(f) A declaration that this is an exceptional case and an award of attorneys' fees, pursuant to 35 U.S.C. § 285;

(g) An award of Ionis's costs and expenses in this action; and

(h) Such further relief as this Court may deem just and proper.

# JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

| | |
|---|---|
| Dated: February 2, 2026 | Respectfully submitted, |
| | */s/ Margaret E. Dayton* |
| | **UMHOFER, MITCHELL & KING LLP** |
| | Matthew Donald Umhofer |
| | Margaret E. Dayton |
| | *Attorneys for Plaintiff Ionis Pharmaceuticals* |
| | Of Counsel: |
| | **WILLIAMS & CONNOLLY LLP** |
| | Jessamyn Berniker (*pro hac vice*) |
| | Thomas S. Fletcher (SBN 262693) |
| | Kathryn S. Kayali (*pro hac vice*) |
| | Michael X. Liu (*pro hac vice*) |
| | 680 Maine Avenue, SW |
| | Washington, DC 20024 |
| | (202) 434-5000 |
| | jberniker@wc.com |
| | tfletcher@wc.com |
| | kkayali@wc.com |
| | mliu@wc.com |