**UMHOFER, MITCHELL & KING LLP**
Matthew Donald Umhofer (SBN 206607)
Margaret E. Dayton (SBN 274353)
767 S. Alameda St., Suite 270
Los Angeles, CA 90021
Telephone: (213) 394-7979
Facsimile: (213) 529-1027
matthew@umklaw.com
peggy@umklaw.com

*Attorneys for Plaintiff Ionis Pharmaceuticals, Inc.*

**FISH & RICHARDSON P.C.**
Megan A. Chacon (SBN 304912)
chacon@fr.com
4695 MacArthur Court, Ste. 1100
Newport Beach, CA 92660
Tel: (949) 623-7640
Fax: (858) 678-5099

*Attorney for Defendant Arrowhead Pharmaceuticals, Inc.*

## IN THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IONIS PHARMACEUTICALS, INC., a Delaware Corporation,<br><br>                              Plaintiff,<br><br>        v.<br><br>ARROWHEAD PHARMACEUTICALS, INC., a Delaware corporation,<br><br>                              Defendant. | Case No. 2:25-cv-8609-HDV-(CTSx)<br><br>**JOINT REPORT OF PARTIES' RULE 26(f) CONFERENCE**<br><br>Date:          July 14, 2026<br>Time:         10:00 A.M.<br>Courtroom:  5B<br>Judge:        Hon. Hernán D. Vera |
| ARROWHEAD PHARMACEUTICALS, INC., a Delaware corporation,<br><br>                              Counter-Claimant,<br><br>        v.<br>IONIS PHARMACEUTICALS, INC., a Delaware Corporation,<br><br>                              Counter-Defendant | |

## 1.    Statement of the Case

This is a patent litigation in which Ionis Pharmaceuticals, Inc. ("Ionis") alleges that Arrowhead Pharmaceuticals Inc. ("Arrowhead") infringes U.S. Patent No. 9,593,333 ("the '333 patent"), entitled "Modulation of Apolipoprotein C-III (APOCIII) Expression in Lipoprotein Lipase Deficient (LPLD) Populations."  The '333 patent generally covers a method for treating lipoprotein lipase deficiency ("LPLD"), a rare genetic disorder that causes dangerously high triglyceride levels, and Ionis has listed the '333 patent in the Orange Book as covering Ionis's medicine olezarsen (Tryngolza®).

On September 11, 2025, Ionis filed this action alleging that Arrowhead's manufacture and commercialization of a medicine called plozasiran (Redemplo®) for the treatment of FCS infringes the '333 patent.  Arrowhead denies that it will infringe, or induce infringement, of any asserted claim of the '333 patent literally or under the doctrine of equivalents.  Arrowhead further contends that the asserted claims of the '333 patent are invalid for failing to meet the requirements of Title 35, including without limitation §§ 101, 102 (anticipation), 103 (obviousness), and 112 (enablement/written description), 116 (improper inventorship), and obviousness-type double patenting. By its counterclaims, Arrowhead seeks a court declaration that it does not infringe the '333 patent and that the asserted claims of the '333 patent are invalid.

On October 27, 2025, Arrowhead moved to dismiss or stay the case to allow Arrowhead's Declaratory Judgment Action relating to the same patent, filed on September 10, 2025, to proceed in the United States District Court for the District of Delaware.  On December 23, 2025, Judge Gregory B. Williams of the District of Delaware dismissed Arrowhead's Declaratory Judgment Action.  On December 29, 2025, this Court accordingly denied Arrowhead's Motion and allowed this Action to continue.

On January 12, 2026, Arrowhead filed its Answer and Counterclaims, denying infringement and asserting that the '333 patent is invalid.  On February 2, 2026, Ionis filed its Answer to Arrowhead's Counterclaims.

*JOINT REPORT OF PARTIES' RULE 26(f) CONFERENCE*

**2.    Subject Matter Jurisdiction**

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Ionis's Complaint arises under the patent laws of the United States, 35 U.S.C. §§ 101 *et seq.* The Parties do not dispute the jurisdiction of this Court.

**3.    Legal Issues**

This case presents the following legal issues:

**<u>Plaintiff's Statement:</u>**

1. Whether Arrowhead's manufacture, sale, distribution, commercialization, and/or marketing of plozasiran infringes the '333 patent, including whether Arrowhead induces and/or contributes to the infringement of the '333 patent, including by healthcare professionals who prescribe and/or administer plozasiran to patients.

2. Whether the claims of the '333 patent are invalid for anticipation under 35 U.S.C. § 102, obviousness under 35 U.S.C. § 103, and/or lack of written description, lack of enablement, and/or indefiniteness under 35 U.S.C. § 112.

3. The amount of damages necessary to compensate Ionis for Arrowhead's alleged infringement of one or more valid claims of the '333 patent, including post-trial remedies, e.g., ongoing damages, supplemental damages for infringement occurring between trial and the entry of final judgement, and pre- and post-judgment interest on damages under 28 U.S.C. § 1961(a) and 35 U.S.C. § 284.

4. Whether Arrowhead's alleged infringement was willful and whether Ionis is entitled to enhanced damages under 35 U.S.C. § 284.

5. Whether this is an exceptional case and whether either party is entitled to an award of attorneys' fees under 25 U.S.C § 285.

6. Whether Ionis is entitled to any further relief the Court may deem proper and just.

*JOINT REPORT OF PARTIES' RULE 26(f) CONFERENCE*

**Arrowhead's Statement:**

1. Whether the asserted claims of the '333 patent are invalid for failing to meet the requirements of Title 35 of the United States Code, including without limitation, one or more of §§ 101, 102, 103, and 112, improper inventorship, the doctrine of obviousness-type double patenting, and/or pursuant to other judicially created or non-statutory requirements for patentability and/or equitable doctrines;

2. Whether Arrowhead has not, does not, and will not infringe any valid and enforceable claim of the '333 patent either literally or under the doctrine of equivalents;

3. The amount of damages Ionis is entitled to, if any;

4. Whether this action is an exceptional case under 35 U.S.C. § 285 and Arrowhead is entitled to its costs and attorneys' fees; and

5. Whether Arrowhead is entitled to any further relief the Court may deem proper and just.

## 4.    Parties, Evidence, etc.

The Parties are Plaintiff Ionis Pharmaceuticals, Inc. and Defendant Arrowhead Pharmaceuticals, Inc. For conflicts purposes, Arrowhead identifies its wholly-owned subsidiary Arrowhead Madison Inc.

**Ionis's Position**: Ionis identifies the below percipient witnesses who are likely to have discoverable, non-privileged information that Ionis may use to support its claims and defenses:

- Joseph L. Witztum, inventor on the '333 patent
- Veronica J. Alexander, inventor on the '333 patent
- Nicholas J. Viney, inventor on the '333 patent
- Richard Geary, former executive vice president of drug development at Ionis

4

*JOINT REPORT OF PARTIES' RULE 26(f) CONFERENCE*

- A current Ionis employee with information regarding the business operations, finances, and marketing of Tryngolza®
- Individuals currently or formerly employed by or affiliated with Arrowhead

Ionis expects the following documents will be key documents on the main issues in the case:

- The '333 patent
- Documents reflecting the conception and reduction to practice of the invention claimed in the '333 patent
- Arrowhead's prescribing information for Redemplo®
- Arrowhead's commercialization and marketing materials
- Arrowhead's financial documents, including documents related to its sales and profits for Redemplo®
- Ionis's financial and business documents, including documents related to damages caused by Arrowhead's Redemplo® product
- Documents reflecting Arrowhead's knowledge of the '333 patent

**Arrowhead's Position**: At this stage and prior to completion of discovery, Arrowhead identifies the potential percipient witnesses below:

- Bruce Given, former Arrowhead employee knowledgeable about information related to the research and development, and regulatory approval for Redemplo® (plozasiran).
- Andrew Davis, Arrowhead employee knowledgeable about information related to U.S. marketing and sales of Redemplo® (plozasiran).
- James Hamilton, Arrowhead employee knowledgeable about information related to the manufacturing, research and development of Redemplo® (plozasiran).

*JOINT REPORT OF PARTIES' RULE 26(f) CONFERENCE*

- John An, Arrowhead employee knowledgeable about information related to the regulatory approval of Redemplo® (plozasiran), including the New Drug Application (NDA) process.
- Rob Byun, Arrowhead employee knowledgeable about information related to Arrowhead financials, including, as related to Redemplo® (plozasiran)
- Veronica J. Alexander, named inventor on the '333 patent
- Nicholas J. Viney, named inventor on the '333 patent
- Joseph L. Witztum, named inventor on the '333 patent
- Daniel Gaudet, person who upon information and belief Ionis intends to add as named inventor on the '333 patent
- Individuals currently or formerly employed by or affiliated with Ionis Pharmaceuticals, Inc. regarding the development, regulatory approval, and marketing/commercialization of APOCIII inhibitors for the treatment of FCS

At this preliminary stage and prior to completion of discovery, Arrowhead expects the following documents will be key for determining the main issues in the case:

- The patent-in-suit.
- The prosecution history of the patent-in-suit and any related patents and/or patent applications, before both the United States Patent and Trademark Office and any foreign patent office(s).
- Documents concerning the validity or enforceability of the patent-in-suit.
- Prior art to the patent-in-suit.
- Documents establishing the state of the art at the time of the purported invention claimed in the patent-in-suit.
- Documents sufficient to show the absence of the patent-in-suit's claim elements in the design, structure, and use of Redemplo® (plozasiran).
- Arrowhead's pre-suit correspondence with Ionis.

*JOINT REPORT OF PARTIES' RULE 26(f) CONFERENCE*

- Documents related to Arrowhead's research and development of apolipoprotein C-III ("APOCIII") specific inhibitors, including Redemplo® (plozasiran).

- Publications and clinical study documents related to Arrowhead's development and testing of Redemplo® (plozasiran).

- Regulatory documents related to FDA approval of Redemplo® (plozasiran), including Arrowhead's NDA and IND.

- Documents related to the commercialization and marketing of Redemplo® (plozasiran).

- Documents related to the research and development of any Ionis APOCIII specific inhibitor, including Tryngolza® (olezarsen) and Waylivra® (volanesorsen).

- Publications and clinical study documents related to Ionis's development and testing of volanesorsen and olezarsen.

- Regulatory documents related to FDA and EMA's review of volanesorsen, and regulatory documents related to FDA's approval of Tryngolza® (olezarsen).

- Documents related to the commercialization and marketing of Tryngolza® (olezarsen) and Waylivra® (volanesorsen).

- Documents related to the identification and diagnosis of patients with Familial Chylomicronemia Syndrome (FCS).

5.  **Damages**

**Ionis's Position:** Ionis seeks an award of damages in the form of lost profits from foregone sales of Tryngolza® and/or a reasonable royalty for Arrowhead's infringement of the '333 patent under 35 U.S.C. § 284, including ongoing damages, supplemental damages for infringement occurring between trial and the entry of final judgement, and pre- and post-judgment interest on damages under 28 U.S.C. § 1961(a) and 35 U.S.C. § 284.  Ionis also seeks enhanced damages for willful infringement and attorneys' fees

under 35 U.S.C. §§ 284 and 285. Arrowhead has not yet produced information concerning the accused product's sales volumes, revenues, or profits, and expert discovery has not yet begun, so Ionis cannot offer a precise calculation of damages at this time.

**Arrowhead's Position**: Arrowhead alleges that Plaintiff is not entitled to any damages because Arrowhead does not infringe any claim of the '333 patent, and because the asserted claims of the '333 patent are invalid for failure to comply with the requirements of at least 35 U.S.C. §§ 101, 102, 103, and/or 112, improper inventorship, and/or obviousness-type double patenting. Arrowhead further alleges that Plaintiff is not entitled to costs or attorneys' fees.

**6.      Insurance**

There are no applicable insurance policies relevant to this action.

**7.      Motions**

**(a) Procedural Motions.**

**Ionis's statement**: Ionis does not presently expect to move to amend its pleadings, add parties, or challenge venue or jurisdiction.

**Arrowhead's statement**: Arrowhead does not presently anticipate seeking to add additional parties, but reserves the right to do so as discovery progresses and the case develops.

**(b) Dispositive Motions.**

**Ionis's Position:** Ionis expects it will likely file a motion for summary judgment regarding infringement of the '333 patent.

**Arrowhead's Position**: It is difficult to predict what dispositive motions Arrowhead will file given that the case is in its early stages, no experts have been disclosed, and the Court has not construed the asserted claims of the '333 patent. Arrowhead may file a motion for summary judgment regarding invalidity of the asserted claims of the '333 patent depending on the course of discovery and the outcome of claim construction. Should Ionis seek to assert additional claims of the '333 patent that are

*JOINT REPORT OF PARTIES' RULE 26(f) CONFERENCE*

currently unasserted, Arrowhead expects that it will likely file a motion for summary judgment regarding non-infringement of such claims. Arrowhead may also file a *Daubert* motion to exclude or limit the testimony of expert witnesses on non-infringement, invalidity, and/or with respect to damages.

**(c) Class Certification Motion.**

This is not a class action.

**8.    Discovery**

**(a) Status of Discovery.**

The Parties met and conferred pursuant to Rule 26(f). The Parties exchanged requests for production and interrogatories, which the parties answered on May 13, 2026.  The Parties also exchanged initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on May 13, 2026.  By stipulation, the Parties conducted an early deposition on April 22, 2026.

The Parties do not have any current or anticipated discovery-related disputes at this time.

**(b) Discovery Plan.**

The Parties have completed the Court's Schedule of Pretrial and Trial Dates Worksheet (Dkt. 35 at 9-10) and attach their completed Schedule as Exhibit A. Despite their best efforts, the Parties have two outstanding issues with respect to the Schedule upon which they have not reached agreement: (1) the date for substantial completion of document production, and (2) the requested duration of trial.  These disputes are highlighted in Exhibit A for the Court's consideration.  The Parties anticipate discovery in the form of document productions, interrogatories, requests for admission, depositions, and expert discovery related to at least Arrowhead's alleged infringement of the '333 patent; the alleged invalidity of the '333 patent; the development and commercialization of plozasiran (Redemplo®); the development and commercialization of olezarsen (Tryngolza®); and damages-related topics (e.g., revenues, sales, costs, licenses, lost profits, reasonable royalty, etc.).

*JOINT REPORT OF PARTIES' RULE 26(f) CONFERENCE*

The Parties do not anticipate needing any modifications of the timing, form, or requirement for disclosures under Rule 26(a) of the Federal Rules of Civil Procedure, but propose certain additional deadlines relating to patent cases, including deadlines for contentions, claim construction briefing, and a claim construction hearing.

The Parties do not currently have a dispute about the disclosure, discovery, or preservation of electronically stored information ("ESI"). The Parties will work to come to an agreement on appropriate ESI procedures and search terms. The Parties agree to the procedures set forth in Federal Rule of Evidence 502 with respect to inadvertent waivers of privilege. These procedures, and any modifications thereto, will be set forth in the Protective Order. The Parties agree that any privileged or work product documents or information generated after the filing of Arrowhead's now-dismissed and related Delaware litigation filed on September 10, 2025 need not be included in a privilege log.

The Parties agree that the Parties are limited to 25 interrogatories (as counted under Fed. R. Civ. P. 33(a)(1)) per side, 50 requests for admission per side (where requests directed solely to the authenticity or foundation of documents shall not count against this limit; and the parties agree to meet and confer in good faith regarding a stipulation for the authenticity of documents), and each side is limited to no more than ten (10) depositions[1] of no more than seven (7) hours each for fact witnesses (including party, third-party, and Rule 30(b)(6) deposition testimony). The parties agree to negotiate in good faith to increase these limits for good cause.[2]

The Parties are currently negotiating a protective order for the production of information and/or documents containing confidential, proprietary, or private personal information.

---

[1] By stipulation, the Parties conducted an early deposition on April 22, 2026. This deposition shall not count toward either Party's total deposition limit.

[2] For example, in the event that Arrowhead elects to rely on advice of counsel as a defense to willful infringement, the parties agree to negotiate in good faith so that Ionis can have appropriate additional discovery on this issue, including depositions of additional witnesses.

10

*JOINT REPORT OF PARTIES' RULE 26(f) CONFERENCE*

**(c) Discovery Cut-off.**

The parties propose July 23, 2027 for the cut-off of fact discovery.

**(d) Expert Discovery.**

The parties propose an initial expert disclosure date of September 9, 2027, rebuttal expert disclosure date of October 21, 2027, and expert discovery deadline of November 19, 2027.

**(e) Settlement Conference/Alternative Dispute Resolution (ADR).**

The Parties have not yet engaged in settlement efforts or discussions.  The Parties prefer that an ADR proceeding be conducted before a private mediator.

**(f) Trial**

**i.    Trial Estimate.**

**Ionis' statement**: Ionis anticipates a 4-5-day trial.  Ionis anticipates calling 7-10 witnesses, including witnesses testifying live and witnesses testifying by video deposition.

**Arrowhead's statement**: Arrowhead anticipates a 6-7-day trial. Arrowhead anticipates calling numerous fact and expert witnesses, including witnesses testifying live and witnesses testifying by video deposition.

**ii.    Jury or Court Trial.**

The Parties have requested a jury trial.

**iii.    Consent to Trial Before a Magistrate Judge.**

The Parties do not consent to trial before a Magistrate Judge.

**iv.    Lead Trial Counsel.**

Lead trial counsel for Ionis will be Jessamyn S. Berniker, and expects to be assisted by Thomas S. Fletcher, Kathryn S. Kayali, Michael Xun Liu, Anna Searle, and Alexander Song of Williams & Connolly LLP, as well as Matthew Donald Umhofer and Margaret E. Dayton of Umhofer, Mitchell & King LLP.

*JOINT REPORT OF PARTIES' RULE 26(f) CONFERENCE*

Lead trial counsel for Arrowhead will be Louis Fogel, who Arrowhead expects will be assisted by Megan Chacon, Susan Morrison, Madelyn McCormick, Sarah Jack, Jory Hoffman, and Grier Conville from Fish & Richardson PC.

**(g) Independent Expert or Master.**

The Parties do not anticipate the need for an independent expert or special master at this time. The Parties will advise the Court if they believe the appointment of an expert or special master becomes warranted as discovery proceeds.

**(h) Other Issues.**

The Parties are not aware of any specific issues requiring the Court's attention at this time, but the parties will work together to address any practical issues that arise during discovery.

Dated:  June 30, 2026                    UMHOFER, MITCHELL AND KING LLP


By: *s/ Margaret E. Dayton*
Matthew Donald Umhofer (SBN 206607)
Matthew@umklaw.com
Margaret E. Dayton (SBN 274353)
Peggy@umklaw.com
UMHOFER, MITCHELL & KING LLP
767 South Alameda Street, Suite 270
Los Angeles, CA 90021
213-394-7979 / Fax: 213-529-1027

Jessamyn S Berniker (*pro hac vice*)
Jberniker@wc.com
Thomas S Fletcher (SBN 262693)
Tfletcher@wc.com
Kathryn S. Kayali (*pro hac vice*)
Kkayali@wc.com
Michael Xun Liu (*pro hac vice*)
Mliu@wc.com
WILLIAMS & CONNOLLY
680 Maine Ave. S.W.
Washington, DC 20024
202-434-5000 Fax: 202-434-5029

*JOINT REPORT OF PARTIES' RULE 26(f) CONFERENCE*

Dated:  June 30, 2026                    FISH & RICHARDSON P.C.

By:  *s/ Megan A. Chacon*
Megan A. Chacon (SBN 304912)
chacon@fr.com
FISH & RICHARDSON P.C.
4695 MacArthur Court, Ste. 1100
Newport Beach, CA 92660
Tel: (949) 623-7640 / Fax: (858) 678-5099
Madelyn S. McCormick (SBN 320063)
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
Tel: (858) 678-5070
Email: mmccormick@fr.com

Louis E. Fogel (*admitted pro hac vice*)
FISH & RICHARDSON P.C.
150 N. Riverside Plaza, Ste. 2820
Chicago, IL 60606
Tel: (312) 278-2601
Email: fogel@fr.com

*Attorney for Defendant*
*Arrowhead Pharmaceuticals, Inc.*

## **ATTORNEY ATTESTATION**

The other signatories listed, and on whose behalf the filing is submitted, concur with the filing's content and have authorized the filing.

Dated:  June 30, 2026                    UMHOFER, MITCHELL AND KING LLP

By: *s/ Margaret E. Dayton*
Matthew Donald Umhofer (SBN 206607)
Matthew@umklaw.com
Margaret E. Dayton (SBN 274353)
Peggy@umklaw.com
UMHOFER, MITCHELL & KING LLP
767 South Alameda Street, Suite 270
Los Angeles, CA 90021
213-394-7979 / Fax: 213-529-1027

*JOINT REPORT OF PARTIES' RULE 26(f) CONFERENCE*