Megan A. Chacon (SBN 304912)
FISH & RICHARDSON P.C.
4695 MacArthur Court, Ste. 1100
Newport Beach, CA 92660
Tel: (949) 623-7640 / Fax: (858) 678-5099
Email: chacon@fr.com

Madelyn S. McCormick (SBN 320063)
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
Tel: (858) 678-5070
Email: mmccormick@fr.com

Louis E. Fogel (*admitted pro hac vice*)
FISH & RICHARDSON P.C.
150 N. Riverside Plaza, Ste. 2820
Chicago, IL 60606
Tel: (312) 278-2601
Email: fogel@fr.com

Attorneys for Defendant and Counterclaim-Plaintiff
Arrowhead Pharmaceuticals, Inc.

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| IONIS PHARMACEUTICALS, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>ARROWHEAD PHARMACEUTICALS, INC., a Delaware corporation,<br><br>Defendant. | Case No. 2:25-cv-8609-HDV-AGR<br><br>**ARROWHEAD PHARMACEUTICALS, INC.'S FIRST AMENDED COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>District Judge: Hon. Hernan D. Vera<br>Magistrate Judge: Hon. Alicia G. Rosenberg<br><br>Complaint Filed: 09/11/2025 |

ARROWHEAD PHARMACEUTICALS, INC., a Delaware corporation,

Counter-Claimant,

v.

IONIS PHARMACEUTICALS, INC., a Delaware Corporation,

Counter-Defendant

**DEFENDANT ARROWHEAD'S FIRST AMENDED COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT**

Defendant and Counterclaim-Plaintiff Arrowhead Pharmaceuticals, Inc. ("Arrowhead") alleges against Ionis as follows:

**PARTIES**

1. Arrowhead Pharmaceuticals, Inc. is a corporation organized and existing under the laws of the State of Delaware, having its headquarters at 177 East Colorado Boulevard, Suite 700, Pasadena, California 91105.

2. Upon information and belief, and based upon Paragraph 11 of the Complaint, Ionis Pharmaceuticals is a corporation organized under the laws of the State of Delaware, having its principal place of business at 2855 Gazelle Court, Carlsbad, California 92010.

**JURISDICTION AND VENUE**

3. Arrowhead realleges the foregoing paragraphs as if fully set forth herein.

4. These counterclaims arise under the Patent Laws of the United States, Title 35, United States Code. The subject matter jurisdiction of this Court is proper under at least 35 U.S.C. §§ 1331 and 1338.

5. Ionis has consented to the personal jurisdiction of this Court at least by commencing its action for patent infringement in this District.

6. Venue is proper in this District pursuant to at least 28 U.S.C. §§ 1391 and 1400.

**COUNTERCLAIM COUNT I**

**(Declaratory Judgment of Non-Infringement of the '333 Patent)**

7. Arrowhead realleges the foregoing paragraphs as if fully set forth herein.

8. Based on Ionis's filing of this action, and at least Arrowhead's First Affirmative Defense, an actual and justiciable controversy now exists between the parties as to whether Arrowhead infringes U.S. Patent No. 9,593,333 (the "'333 patent").

9. Arrowhead has not infringed and will not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claims of the '333 patent under 35 U.S.C. § 271. For example, and without limitation to other non-infringement defenses and/or

counterclaims Arrowhead may raise in this action, no valid claim of the ’333 patent encompasses a method of treating LPLD using a small interfering RNA (siRNAi) therapeutic that utilizes the RNA interference (RNAi) mechanism. Because Arrowhead’s Redemplo® (plozasiran) treats familial chylomicronemia syndrome (“FCS”), Arrowhead does not and will not infringe any valid and enforceable claim of the ’333 patent.

10. Pursuant to 28 U.S.C. § 2201 et seq., Arrowhead is entitled to a judicial declaration that the making, use, offer for sale, sale, or import into the United States of Arrowhead’s Redemplo® (plozasiran) does not and will not infringe any valid and enforceable claim of the ’333 patent under 35 U.S.C. § 271. Such a declaration is necessary and appropriate at this time to determine the rights and obligations of the parties.

**COUNTERCLAIM COUNT II**

**(Declaratory Judgment of Invalidity of the ’333 Patent)**

11. Arrowhead realleges the foregoing paragraphs as if fully set forth herein.

12. Based on Ionis’s filing of this action and at least Arrowhead’s Second Affirmative Defense, an actual and justiciable controversy now exists between the parties as to whether the claims of the ’333 patent are valid.

13. The claims of the ’333 patent are invalid for failing to meet the requirements of Title 35 of the United States Code, including without limitation, one or more of §§ 101, 102, 103, and 112, improper inventorship, the doctrine of obviousness-type double patenting, and/or pursuant to other judicially created or non-statutory requirements for patentability and/or equitable doctrines.

14. As one example, the claims of the ’333 patent are invalid for anticipation under 35 U.S.C. § 102 and/or obviousness under 35 U.S.C. § 103 in light of prior art that published or was otherwise available to the public before the earliest possible priority date of the ’333 patent.

15. For example, and without limiting the grounds of invalidity or invalidating prior art that will be asserted in this action, the following prior art references anticipate and/or render obvious each and every claim of the ’333 patent: U.S. Patent No. 7,598,227; International Pat. App. Pub. No. WO2010/080953 (published July 15, 2010) (“Mullick”); International Pat. App. Pub. No. WO2012/149495 (published November 1, 2012) (“Mullick II”); International Pat. App. Pub. No.

WO2010/083615 (published July 29, 2010) ("Macdonald"); International Pat. App. Pub. No. WO2012/177947 (published December 27, 2012) ("Bettencourt"); Ionis Pharma., Inc., *Safety, Tolerability, and Pharmacokinetic Study of ISIS ApoC-III Rx in Hypertriglyceridemia*, NIH, https://clinicaltrials.gov/study/NCT01529424 (published February 7, 2012); Paavo K.J. Kinnunen & Christian Ehnholm, *Effect of Serum and C-apoproteins from Very Low Density Lipoproteins on Human Postheparin Plasma Hepatic Lipase*, 65 FEBS LETTERS 354, 354–57 (1976); Ephraim Sehayek & Shlomo Eisenberg, *Mechanisms of Inhibition by Apolipoprotein C of Apolipoprotein E-dependent Cellular Metabolism of Human Triglyceride-rich Lipoproteins Through the Low Density Lipoprotein Receptor Pathway*, 266 J. BIOLOGICAL CHEMISTRY 18259, 18259–67 (1991); K. Aalto-Setala et al., *Mechanism of Hypertriglyceridemia in Human Apolipoprotein (Apo) CIII Transgenic Mice*, 90 J. CLINICAL INVESTIGATION 1889, 1889–1900 (1992); Pat. Pub. No. US2011/0060030 (published on March 10, 2011) ("Crooke"); Miek C. Jong et al., *Role of ApoCs in Lipoprotein Metabolism: Functional Differences Between ApoC1, ApoC2, and ApoC3*, 19 ARTERIOSCLEROSIS, THROMBOSIS, & VASCULAR BIOLOGY 472, 472–84 (1999); Christopher J. Mann et al., *Inhibitory Effects of Specific Apolipoprotein C-III Isoforms on the Binding of Triglyceride-rich Lipoproteins to the Lipolysis-stimulated Receptor*, 272 J. BIOLOGICAL CHEMISTRY 31348, 31348–54 (1997); Ronald M. Krauss, *Lipids and Lipoproteins in Patients with Type 2 Diabetes*, 27 DIABETES CARE 1496, 1496–1504 (2004); Esther M. M. Ooi et al., *Apolipoprotein C-III: Understanding an Emerging Cardiovascular Risk Factor*, 114 CLINICAL SCI. 611, 611–24 (2008); Chunyu Zheng et al., *Apolipoprotein C-III and the Metabolic Basis for Hypertriglyceridemia and the Dense Low-Density Lipoprotein Phenotype*, 121 CIRCULATION 1722, 1722–34 (2010); Donald S. Fredrickson, et al., *A System for Phenotyping Hyperlipoproteinemia*, 31 CIRCULATION 321, 321–27 (1965); Donald S. Fredrickson et al., *Fat Transport in Lipoproteins – An Integrated Approach to Mechanisms and Disorders (Continued)*, 276 NEJM 148, 148–56 (1967); Alan Chait et al., *Chylomicronemia Syndrome*, 37 ADVANCES IN INTERNAL MED. 249, 249–73 (1992); Tetsu Ebara et al., *Chylomicronemia due to Apolipoprotein CIII Overexpression in Apolipoprotein E-null Mice*, 99 J. CLINICAL INVESTIGATION 2672, 2672–81 (1997); Neil S. Schachter, *Apolipoproteins C-I and*

*C-III as important modulators of lipoprotein metabolism*, 12 CURRENT OP. IN LIPIDOLOGY 297, 297–304 (2001); Frances T. Yen et al., *Lipolysis Stimulated Lipoprotein Receptor: A Novel Molecular Link Between Hyperlipidemia, Weight Gain, and Atherosclerosis in Mice*, 283 J. BIOLOGICAL CHEMISTRY 25650, 25650–59 (2008); Kristin I. Stanford et al., *Syndecan-1 is the Primary Heparan Sulfate Proteoglycan Mediating Hepatic Clearance of Triglyceride-rich Lipoproteins in Mice*, 119 J. CLINICAL INVESTIGATION 3236, 3236–45 (2009); Karine Tremblay et al., *Etiology and Risk of Lactescent Plasma and Severe Hypertriglyceridemia*, 5 J. CLINICAL LIPIDOLOGY 37, 37–44 (2011); Cynthia Chatterjee & Daniel Sparks, *Hepatic Lipase, High Density Lipoproteins, and Hypertriglyceridemia*, 178 AM. J. PATHOLOGY 1429, 1429–33 (2011); Takanari Gotoda et al., *Diagnosis and Management of Type I and Type V Hyperlipoproteinemia,* 19 J. ATHEROSCLEROSIS & THROMBOSIS. 1, 1–12 (2012); Zemin Yao & Yuwei Wang, *Apolipoprotein C-III and Hepatic Triglyceride-rich Lipoprotein Production*, 23 CURRENT OP. LIPIDOLOGY 206, 206–12 (2012).

16. As another example, and without limiting the invalidity defenses and/or counterclaims that may be asserted in this action, each claim of the ’333 patent is invalid for lack of written description, lack of enablement, and/or indefiniteness under 35 U.S.C. § 112.

17. The claims of the ’333 patent are directed to treating or ameliorating lipoprotein lipase deficiency (LPLD) through administration of an APOC-III specific inhibitor. But the ’333 patent fails to provide sufficient written description and/or enabling disclosure, such as a representative number of species falling within the broad genus of APOC-III specific inhibitors that would treat or ameliorate LPLD or structural features common to the members of that broad genus so that one of skill in the art at the time of the purported invention could visualize or recognize all members of the purportedly claimed genus. Indeed, for example, the breadth of the claims of the ’333 patent is so broad as to cover at least any form of the claimed APOC-III specific inhibitor, any animal, and any therapeutically effective amount, without the requisite disclosure in the specification. Therefore, the ’333 patent specification fails to convey to a person of ordinary skill in the art that the inventors were in possession of the full scope of the claimed invention.

18. In addition, given the breadth of the claims, the specification fails to teach a person of ordinary skill in the art how to make and/or use the full scope of the claimed invention without undue experimentation.

19. As another example, and without limiting the invalidity defenses and/or counterclaims that may be asserted in this action, each claim of the ’333 patent is invalid for improper inventorship under 35 U.S.C. §§ 101, 115, 116, and/or 256.

20. Under 35 U.S.C. § 101, Dr. Daniel Gaudet is a co-inventor of the ’333 patent but was not and is not listed as an inventor. The face of the ’333 patent names only Veronica J. Alexander, Nicholas J. Viney, and Joseph L. Witztum as inventors.

21. Dr. Gaudet was the principal investigator of Ionis’s (f/k/a Isis Pharmaceuticals’) Phase 2 clinical trial for ISIS 304801 (volanesorsen). Dr. Gaudet, along with his co-inventors Dr. Veronica J. Alexander, Dr. Joseph L. Witztum, and others, published the results of this clinical trial in the New England Journal of Medicine on or around December 4, 2014. Ex. 1 (Gaudet et al. 2014). The publication states that “[t]his open-label study was designed by the first author [Gaudet] and by the fourth author [Alexander], who is an employee of Isis Pharmaceuticals, the study sponsor.” Ex. 1 at 2201-2202. The publication goes on to state that “[d]ata were collected by the first author [Gaudet] and staff members at the study site and were analyzed by the principal investigator’s team and the sponsor.” Ex. 1 at 2202.

22. Dr. Gaudet was instrumental in the protocol design for Ionis’s Phase 2 clinical trial for volanesorsen. The Original Protocol for the clinical trial, dated November 1, 2011, was *not* aimed at evaluating ISIS 304801 in patients with FCS, and excluded patients with FCS from its patient population. Ex. 2 (Protocol) at 8, 10.

23. Upon information and belief, Dr. Gaudet advocated for the inclusion of patients with FCS in the study despite Ionis’s hesitance to do so. The Original Protocol was modified and the 3rd Amended Protocol, dated December 10, 2012, included amendments to the study objectives, inclusion criteria, study population, and exclusion criteria to reflect the additional objective of evaluating the effects of ISIS 304801 in an added patient group having FCS. Ex. 2 (Protocol, Amendment 3) at 8.

24. To date, Ionis has not rectified its omission of Dr. Gaudet as a co-inventor of the '333 patent. On information and belief, Ionis will not be able to correct inventorship, thus rendering the '333 patent invalid.

25. Pursuant to 28 U.S.C. § 2201 *et seq.*, Arrowhead is entitled to a judicial declaration that all the claims of the '333 patent are invalid. Such a declaration is necessary and appropriate at this time to determine the rights and obligations of the parties.

**PRAYER FOR RELIEF**

WHEREFORE, Arrowhead respectfully requests that the Court enter judgment in Arrowhead's favor and against Ionis by granting the following relief:

A. Declaring that all claims of the '333 patent are invalid;

B. Declaring that all claims of the '333 patent are unenforceable;

C. Declaring that Arrowhead has not, does not, and will not infringe any valid and enforceable claim of the '333 patent;

D. Entering judgment in Arrowhead's favor on all counts in Ionis's Complaint;

E. Dismissing Ionis's Complaint with prejudice;

F. Finding that this action is an exceptional case under 35 U.S.C. § 285 and awarding Arrowhead its costs and attorneys' fees; and

G. Awarding any further relief the Court may deem proper and just.

Dated: September 4, 2026 FISH & RICHARDSON P.C.

By: */s/ Megan A. Chacon*

Megan A. Chacon (SBN 304912)
FISH & RICHARDSON P.C.
4695 MacArthur Court, Ste. 1100
Newport Beach, CA 92660
Tel: (949) 623-7640
Email: chacon@fr.com

Madelyn S. McCormick (SBN 320063)
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
Tel: (858) 678-5070
Email: mmccormick@fr.com

Louis E. Fogel (*admitted pro hac vice*)
FISH & RICHARDSON P.C.
150 N. Riverside Plaza, Ste. 2820
Chicago, IL 60606
Tel: (312) 278-2601
Email: fogel@fr.com
Attorneys for Defendant and Counterclaim-Plaintiff
Arrowhead Pharmaceuticals, Inc