**UMHOFER, MITCHELL & KING LLP**
Matthew Donald Umhofer (SBN 206607)
Margaret E. Dayton (SBN 274353)
767 S. Alameda St., Ste. 270
Los Angeles, CA 90021
Tel: (213) 394-7979
Fax: (213) 529-1027
matthew@umklaw.com
peggy@umklaw.com

*Attorneys for Plaintiff / Counter-Defendant Ionis Pharmaceuticals, Inc.*

**FISH & RICHARDSON P.C.**
Megan A. Chacon (SBN 304912)
4695 MacArthur Court, Ste. 1100
Newport Beach, CA 92660
Tel: (949) 623-7640
Fax: (858) 678-5099
chacon@fr.com

*Attorney for Defendant / Counter-Claimant Arrowhead Pharmaceuticals, Inc.*

**IN THE UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IONIS PHARMACEUTICALS, INC., a Delaware Corporation,<br>Plaintiff,<br>v.<br>ARROWHEAD PHARMACEUTICALS, INC., a Delaware corporation,<br>Defendant, | Case No. 2:25-cv-8609-HDV-(CTSx)<br><br>**[PROPOSED] PROTECTIVE ORDER** |
| ARROWHEAD PHARMACEUTICALS, INC., a Delaware corporation,<br>Counter-Claimant,<br>v.<br>IONIS PHARMACEUTICALS, INC., a Delaware Corporation,<br>Counter-Defendant. | |

**1. PURPOSES AND LIMITATIONS**

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties to this Action hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 13.3 below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the court to file material under seal.

**2. GOOD CAUSE STATEMENT**

This action is likely to involve valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy and confidentiality rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary

uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

**3. DEFINITIONS**

3.1 Action: *Ionis Pharmaceuticals Inc. v. Arrowhead Pharmaceuticals Inc.,* 2:25-cv-8609-HDV-(CTSx).

3.2 Challenging Party: A Party or Nonparty that challenges the designation of information or items under this Stipulated Protective Order.

3.3 "CONFIDENTIAL" Information or Items: Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), including but not limited to: scientific and technical information; product information; financial, budgeting and/or accounting information; information about existing and potential customers; marketing and other business strategies, decisions, or negotiations; personnel compensation, evaluations, and other employment information; information received from a Third Party pursuant to a confidentiality, non-disclosure, or similar agreement; and includes such confidential and proprietary information about a Third Party, including parents, subsidiaries, and/or other Affiliates, and as specified above in the Good Cause Statement. CONFIDENTIAL information further includes any information that a Designating Party reasonably believes to be subject to federal, state, or foreign data protection laws or other privacy obligations (collectively, "Data Protection Laws"). One example of such Data Protection

Laws includes, but is not limited to, the Health Insurance Portability and Accountability Act of 1996 and the regulations promulgated thereunder, 45 CFR Part 160 and Subparts A and E of Part 164 (protected health information).

Information is not CONFIDENTIAL if it is disclosed in a printed publication, is known to the public, was known to the recipient without obligation of confidentiality before the Producing Party disclosed it, or is or becomes known to the Receiving Party by means not constituting a breach of this Order. Information is likewise not CONFIDENTIAL if a person lawfully obtained it independently of this litigation.

3.4 Counsel: Outside Counsel of Record and In-House Counsel (as well as their support staff).

3.5 Designating Party: A Party or Nonparty that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

3.6 Disclosure or Discovery Material: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that is produced or generated in disclosures or responses to discovery in this matter.

3.7 Expert: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action, including the Expert's support staff.

3.8 In-House Counsel: Attorneys who are employees of a party to this Action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

3.9 Nonparty: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

3.10 Outside Counsel of Record: Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are noticed counsel's partners, associates, attorneys, or support staff employed by a law firm which has appeared on behalf of that party.

3.11 Party: Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, In-House Counsel, and Outside Counsel of Record (and their support staff).

3.12 Producing Party: A Party or Nonparty that produces Disclosure or Discovery Material in this Action.

3.13 Professional Vendors: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

3.14 Protected Material: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

3.15 Receiving Party: A Party that receives Disclosure or Discovery Material from a Producing Party.

**4. SCOPE**

The protections conferred by this Stipulated Protective Order cover not only Protected Material, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge.

**5. DURATION**

No part of the restrictions imposed by this Protective Order may be waived or

terminated, except by written stipulation executed by counsel of record for each Designating Party, or by an Order of the Court for good cause shown. Even after final disposition of this Action, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**6. DESIGNATING PROTECTED MATERIAL**

6.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or Nonparty that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulated Protective Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

In the event a Party serves or files a pleading, brief, expert report, discovery disclosure, correspondence, or an exhibit thereto that is designated “CONFIDENTIAL”, the receiving party may request in writing that the serving/filing party provide a redacted copy not subject to any confidentiality

designation. The serving/filing party shall produce such redacted copy within seven days of receipt of said request.

6.2 Manner and Timing of Designations. Except as otherwise provided in this Stipulated Protective Order (*see, e.g.*, Section 6.2(a)), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Stipulated Protective Order requires the following:

(a) For information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" to each page that contains Protected Material.

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Stipulated Protective Order. Then, before producing the specified documents, the Producing Party must affix the legend "CONFIDENTIAL" to each page that contains Protected Material.

(b) For testimony given in depositions, that the Designating Party designate deposition transcripts containing Confidential Information CONFIDENTIAL in accordance with this Stipulated Protective Order

either on the record during the deposition, or by providing written notice within 30 days of the date on which the deposition occurred. All deposition transcripts not previously designated CONFIDENTIAL during the deposition shall be treated as CONFIDENTIAL under this Stipulated Protective Order for a period of 30 days from the date on which the deposition occurred, unless otherwise agreed to by the Parties. After 30 days, deposition transcripts shall no longer be treated as CONFIDENTIAL unless a Designating Party has designated all or a portion of the testimony CONFIDENTIAL, or as otherwise agreed to in writing by the Parties. The Parties agree to mark at least the first page of all copies of deposition transcripts that contain testimony, or that append exhibits, designated as CONFIDENTIAL with the corresponding legend, and to provide each other notice of which portions of the deposition transcript contain Confidential Information. This paragraph does not limit any party's right to challenge any presumptive designation or preclude a Producing Party from designating testimony or transcripts as Confidential Information.

(c) For information produced in nondocumentary form, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

(d) For testimony elicited during hearings and other proceedings, whenever counsel for any party deems that any question or line of questioning calls for the disclosure of Protected Material, counsel may designate on the record prior to such disclosure that the disclosure shall be deemed CONFIDENTIAL under the terms of this Protective Order.

Whenever matter designated CONFIDENTIAL is to be discussed in a hearing or other proceeding, any party claiming such confidentiality may ask the Court to have excluded from the hearing or other proceeding any person who is not entitled under this Order to receive information so designated.

6.3 Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulated Protective Order.

**7. CHALLENGING CONFIDENTIALITY DESIGNATIONS**

7.1 Timing of Challenges. Any Party or Nonparty may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

7.2 Meet and Confer. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq., and with Paragraph 2.d. of Judge Shay's Procedures for Discovery Disputes ("Mandatory Informal Discovery Conference").[1]

7.3 Burden of Persuasion. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in

[1] Judge Shay's Procedures are available at https://apps.cacd.uscourts.gov/Jps/honorable-christina-t-shay.

question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**8. ACCESS TO AND USE OF PROTECTED MATERIAL**

8.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Nonparty in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order. When the Action reaches a final disposition, a Receiving Party must comply with the provisions of Section 14 below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

8.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) The Receiving Party's Outside Counsel of Record, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action, provided that any such counsel with access to Protected Material does not, and will not, for a period of 1 year from the termination of this Action, including any appeals: (1) engage, formally or informally, in the drafting, amending, or prosecution of patent claims relating to compositions, methods, or uses involving the inhibition or modulation of apolipoprotein C-III (ApoC-III) expression, including but not limited to antisense oligonucleotides (ASOs), small interfering RNAs (siRNAs), or other therapeutics targeting ApoC-III, for the treatment or management of hypertriglyceridemia (including severe

hypertriglyceridemia), lipoprotein lipase deficiency (LPLD), familial chylomicronemia syndrome (FCS), or related lipid disorders. Notwithstanding the foregoing, (1) nothing shall preclude outside counsel from participating in any *inter partes* review, interference, or other post-grant proceedings before the United States Patent and Trademark Office (or foreign equivalent before any foreign patent-granting authority), but Outside Counsel of Record may not participate in the drafting or amending of patent claims related to the above identified subject matter in any such proceedings; (2) nothing shall preclude outside counsel from participating in any correction of inventorship of any patent asserted in this case or any family member or foreign equivalent of such patent; (3) nothing herein shall prevent a person from performing work before the FDA or any equivalent foreign agency, provided that no Protected Material of the Producing Party is used or disclosed.

(b) One In-House Counsel for each party, or any parent or subsidiary entity of each party, who are actively responsible for either (a) directing the management and conduct of this Action or (b) providing a party with legal advice with respect to this Action, provided that any such counsel with access to Protected Material will be subject to the following restrictions:

1. In-House Counsel does not, and will not, for a period of 1 year from the termination of this Action, including any appeals, engage, formally or informally, in the drafting, amending, or prosecution of patent claims relating to compositions, methods, or uses involving the inhibition or modulation of apolipoprotein C-III (ApoC-III) expression, including but not limited to antisense oligonucleotides

(ASOs), small interfering RNAs (siRNAs), or other therapeutics targeting ApoC-III, for the treatment or management of hypertriglyceridemia (including severe hypertriglyceridemia), lipoprotein lipase deficiency (LPLD), familial chylomicronemia syndrome (FCS), or related lipid disorders;

2. In-House Counsel does not, and will not for a period of 1 year from the termination of this Action, have primary responsibility for competitive decision-making—i.e., formulating pricing, product development, or marketing strategy—with respect to products or services that directly compete with those of the Producing Party.

Notwithstanding the foregoing, (1) nothing in this paragraph shall preclude In-House Counsel from participating in any inter partes review, interference, or other post-grant proceedings before the United States Patent and Trademark Office (or foreign equivalent before any foreign patent-granting authority), but In-House Counsel may not participate in the drafting or amending of patent claims related to the above identified subject matter in any such proceedings; (2) nothing shall preclude In-House Counsel from participating in any correction of inventorship of any patent asserted in this case or any family member or foreign equivalent of such patent; (3) nothing herein shall prevent a person from performing work before the FDA or any equivalent foreign agency, including as related to a citizen's petition, commenting on product specific guidance, or obtaining or maintaining approval of that Party's own new drug application or abbreviated new drug application (or foreign equivalent), including related to the safety of a Party's own product, provided that no Protected Material of the Producing Party is

used or disclosed. Nothing herein shall prevent In-House Counsel from supervising or managing personnel involved in drafting, amending, or prosecution of patent claims, so long as In-House Counsel is not in any way involved in drafting, amending, or prosecuting patent claims relating to compositions, methods, or uses involving the inhibition or modulation of apolipoprotein C-III (ApoC-III) expression, including but not limited to antisense oligonucleotides (ASOs), small interfering RNAs (siRNAs), or other therapeutics targeting ApoC-III, for the treatment or management of hypertriglyceridemia (including severe hypertriglyceridemia), lipoprotein lipase deficiency (LPLD), familial chylomicronemia syndrome (FCS), or related lipid disorders.

Prior to receiving Protected Material, the name, title and job function of each such designated In-House Counsel of a Receiving Party shall be provided to the Designating Party, and said In-House Counsel designees must agree to be bound by the terms of this Protective Order by executing a copy of the attached Exhibit A and agreeing to submit to the personal jurisdiction of the United States District Court for the Central District of California. Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgement and Agreement to be Bound" (Exhibit A)

(c) The Court and its personnel;

(d) Court reporters and their staff;

(e) Professional jury or trial consultants, other litigation support personnel (e.g., graphic designers and animators, database entry personnel, translators or interpreters), and Professional Vendors to whom disclosure is reasonably necessary for this Action, provided they have a confidentiality obligation to the party for whom they are consulting;

(f) Mock jurors who have signed the "Acknowledgement and Agreement

to Be Bound" (Exhibit A);

(g) The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions.

8.3 Identification of Experts and Consultants. If any party desires to disclose information designated CONFIDENTIAL (other than its own Protected Materials) to any Expert pursuant to paragraph 8.2(c) of this Protective Order, it must first identify in writing (which can be by email) to Outside Counsel of Record for the Producing Party each such Expert. The identification of an expert or consultant pursuant to this paragraph shall include the full name and professional address and/or affiliation of the proposed expert or consultant, an up-to-date curriculum vitae, any prior or current employments or consultancies for any Party, a list of the cases in which the expert or consultant has testified at deposition, at a hearing, or at trial within the last 4 years, and an executed copy of the "Acknowledgment and Agreement to Be Bound" (Exhibit A). A Party that provides the information specified in this paragraph may disclose the Protected Material to the identified Expert unless, within seven (7) days of delivering the request, the Party receives a written objection from the Designating Party providing detailed grounds for the objection. Upon receipt of a timely written objection, the Parties must engage in two attempts to resolve the objection within fourteen (14) days of the objection. If no agreement is reached after the second meet and confer, the Party opposing disclosure shall proceed under Magistrate Judge Shay's procedures for dispute resolution of discovery motions by e-mailing the Court within one business day of the

second meet and confer seeking a conference with the Court via Zoom to discuss the discovery dispute. Until the objection is resolved by the Parties or the Court, no Protected Material will be shared with the disclosed Expert.

8.4 Disclosure to Other Individuals. Disclosure of Confidential Information may be made to individuals not identified in paragraph 8.2, above, only as follows: Confidential Information may be disclosed to any person not otherwise identified in paragraph 8.2 above as agreed in writing by the Party that designated such information CONFIDENTIAL.

8.5 Disclosure at a Deposition or a Hearing. Designated Material (or confidential information derived therefrom) of a Producing Party may also be disclosed to and/or used to examine, at deposition or a Court hearing: (i) an individual who either prepared, received or reviewed the Confidential Information prior to filing of this Action or who previously had access to or knowledge of the Confidential Information, as demonstrated on the face of the Confidential Information itself or by foundation testimony elicited during a deposition or at trial; (ii) a currently employed officer, employee or expert of a Producing Party, and/or; (iii) a witness designated for the Producing Party under Federal Rule 30(b)(6) concerning any topic to which the Confidential Information is relevant.

8.6 Limitations on Attendance at Depositions. Counsel for a Producing Party may request that all persons other than those individuals expressly permitted access to Confidential Information under this Protective Order leave the deposition room during the portion of the deposition that inquires about or discloses subject matter that counsel for the Producing Party believes to constitute Confidential Information. If individuals other than those specified in the previous sentence fail to leave the deposition room during any portion of the deposition that inquires about or discloses what counsel for the Producing Party believes to constitute Confidential Information, counsel for

the Producing Party may seek relief from the appropriate Court and, pending resolution of its request for relief, instruct the witness not to answer questions relating to, or limit disclosure of, the Confidential Information at issue.

8.7 Limitations on Attendance at Hearings. Counsel shall confer with each other and with the Court regarding procedures to protect the confidentiality of any material marked, labeled, or otherwise designated CONFIDENTIAL that a party or any of its witnesses may use, refer to, disclose, or admit into evidence during any hearing in this Action. Unless the Court orders otherwise, attendance at a hearing in this Action at which material designated CONFIDENTIAL will be used or disclosed shall be limited for the time period during which Protected Material will be used or disclosed to individuals entitled to have access to such materials under the terms of this Protective Order.

8.8 It is understood that counsel for a Party or Nonparty may give advice and opinions to their client based on their evaluation of designated Confidential Information received by the Party, provided that such rendering of advice and opinions shall not reveal the content of Protected Material, other than in summary form, except by prior written agreement with counsel for the Producing Party or as otherwise set forth in this Protective Order.

**9. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a) Promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order and any relevant Protective Order;

(b) Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or

order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**10. A NONPARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

10.1 Application. The terms of this Stipulated Protective Order are applicable to information produced by a Nonparty in this Action and designated as "CONFIDENTIAL." Such information produced by Nonparties in connection with this litigation is protected by the remedies and relief provided by this Stipulated Protective Order. Nothing in these provisions should be construed as prohibiting a Nonparty from seeking additional protections.

10.2 Notification. In the event that a Party is required, by a valid discovery request, to produce a Nonparty's confidential information in its possession, and the Party is subject to an agreement with the Nonparty not to produce the Nonparty's confidential information, then the Party shall:

(a) Promptly notify in writing the Requesting Party and the Nonparty that some or all of the information requested is subject to a confidentiality agreement with a Nonparty;

(b) Promptly provide the Nonparty with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c) Make the information requested available for inspection by the Nonparty, if requested.

10.3 Conditions of Production. If the Nonparty fails to seek a protective order from this Court within fourteen (14) days after receiving the notice and accompanying information, the Receiving Party may produce the Nonparty's Protected Material responsive to the discovery request. If the Nonparty timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Nonparty before a determination by the Court. Absent a court order to the contrary, the Nonparty shall bear the burden and expense of seeking protection in this Court of its Protected Material

## 11. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party immediately must (1) notify in writing the Designating Party of the unauthorized disclosures, (2) use its best efforts to retrieve and return or destroy all unauthorized copies of the Protected Material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and (4) request such person or persons to execute the "Acknowledgment and Agreement to be Bound" (Exhibit A).

## 12. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

Notwithstanding anything to the contrary in Fed. R. Civ. P. 26(b)(5)(B) or in any other provision of this Protective Order, the inadvertent production or disclosure of any document or tangible thing (including information) that is subject to a claim of attorney-

client privilege or work-product immunity, or other privilege or immunity, shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claims of attorney-client privilege, work-product immunity, or other privilege or immunity.

In such an event, the Producing Party shall, promptly upon discovery of the disclosure, so advise each Receiving Party in writing, request the return of the inadvertently produced or disclosed document or thing, and attach a privilege log entry pertaining to the documents or thing that are purportedly privileged or otherwise immune from discovery. If that request is made and the privilege log provided, no Party shall thereafter assert that the disclosure waived any privilege or immunity. It is further agreed that the Receiving Party will return or destroy the inadvertently produced documents or material, and all copies and derivations (including any notes or work product made therefrom), within five business days of receiving a written request to do so from the Producing Party. The Receiving Party, having returned or destroyed the inadvertently produced documents or material may thereafter seek production of the documents or material in accordance with Magistrate Judge Shay's discovery dispute procedures, the Federal Rules of Civil Procedure, and/or applicable Local Rules, but cannot assert that the privilege has been waived solely due to the unintentional disclosure. The Receiving Party shall not utilize the information contained in the inadvertently produced documents or things for any purpose, or disseminate or transmit such information, except in connection with a motion to compel such documents or materials, which shall be governed by the Federal Rules of Civil Procedure and/or applicable Local Rules.

If, in a deposition, hearing, or other proceeding the party who made the inadvertent production or disclosure makes a request on or off the record for return of the inadvertently produced or disclosed document or thing within a reasonably prompt period of time after recognizing that the information has been produced or disclosed, all copies of the inadvertently produced or disclosed document or thing present at the deposition, hearing, or other proceeding shall immediately be sequestered and there shall be no further use of the inadvertently produced or disclosed document or thing. For the

avoidance of any dispute, the marking of an inadvertently produced or disclosed document or thing as an exhibit at deposition, hearing, or other proceeding has no bearing on the timeliness of the request for return.

**13. MISCELLANEOUS**

13.1 Right to Further Relief. Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the Court in the future.

13.2 Right to Assert Other Objections. By stipulating to the entry of this Stipulated Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3 Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

13.4 Upon filing this Protective Order with the Court, the Parties agree to treat it as "So Ordered," subject to any future modifications by agreement of the Parties or by the Court.

**14. FINAL DISPOSITION**

After the final disposition of this Action, within sixty (60) days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material

is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Outside Counsel of Record for each Party is entitled to retain one archival copy of all pleadings; motion papers; trial, deposition, and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; attorney work product; and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Protective Order as set forth in Section 5.

**15. VIOLATION**

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: October 27, 2026 UMHOFER, MITCHELL AND KING LLP

By: *s/ Margaret E. Dayton*

Margaret E. Dayton
peggy@umklaw.com
Matthew Donald Umhofer
matthew@umklaw.com
UMHOFER, MITCHELL & KING LLP
767 South Alameda Street, Suite 270
Los Angeles, CA 90021
213-394-7979 / Fax: 213-529-1027

Jessamyn S Berniker (*pro hac vice)*
Jberniker@wc.com
Thomas S Fletcher (SBN 262693)
Tfletcher@wc.com
Kathryn S. Kayali (*pro hac vice)*

Kkayali@wc.com
Michael Xun Liu (*pro hac vice)*
Mliu@wc.com
WILLIAMS & CONNOLLY
680 Maine Ave. S.W.
Washington, DC 20024
202-434-5000 Fax: 202-434-502

*Attorneys for Plaintiff / Counter-Defendant Ionis Pharmaceuticals, Inc.*

Dated: October 27, 2026

FISH & RICHARDSON P.C.

By: *s/ Megan A. Chacon*

Megan A. Chacon (SBN 304912)
FISH & RICHARDSON P.C.
4695 MacArthur Court, Ste. 1100
Newport Beach, CA 92660
Tel: (949) 623-7640 / Fax: (858) 678-5099
Email: chacon@fr.com

Susan Morrison (admitted *pro hac vice*)
FISH & RICHARDSON P.C.
222 Delaware Avenue, Ste. 1700
Wilmington, DE 19801
Tel: (302) 652-5070 / Fax: (302) 652-0607
Email: morrison@fr.com

Madelyn S. McCormick (SBN 320063)
FISH & RICHARDSON P.C.
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Tel: (858) 678-5070 / Fax: (858) 678-5099
Email: mmccormick@fr.com

Louis E. Fogel (admitted *pro hac vice*)
FISH & RICHARDSON P.C.
150 N. Riverside Plaza, Ste. 2820
Chicago, IL 60606
Tel: (312) 278-2601 / Fax: (312) 873-4603
Email: fogel@fr.com

Sarah Jack (admitted *pro hac vice*)
FISH & RICHARDSON P.C.
60 South 6th Street, Ste. 3200
Minneapolis, MN 55402
Tel: (612) 638-5747 / Fax: (612) 288-9696
Email: jack@fr.com

Grier A. Conville (*pro hac vice* pending)
FISH & RICHARDSON P.C.
One Marina Park Drive, Ste. 1700

Boston, MA 02210
Tel: (617) 542-5070 / Fax: (617) 542-8906
Email: conville@fr.com

Mona Ziaei (admitted *pro hac vice*)
FISH & RICHARDSON P.C.
7 Times Square, 20th Floor
New York, N.Y. 10036
Tel: (212) 765-5070 / Fax: (212) 258-2291
Email: ziaei@fr.com

*Attorneys for Defendant / Counter-Claimant Arrowhead Pharmaceuticals, Inc*

**ATTORNEY ATTESTATION**

The other signatories listed, and on whose behalf the filing is submitted, concur with the filing's content and have authorized the filing.

Dated: October 27, 2026 UMHOFER, MITCHELL AND KING LLP

By: *s/ Margaret E. Dayton*
Margaret E. Dayton
Matthew Donald Umhofer

**FOR GOOD CAUSE, IT IS SO ORDERED** this _____ day of __________, 2026.

____________________________________
Honorable Christina T. Shay
United States Magistrate Judge

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, ______________________ [full name], of ___________________ [address] employed at ______________________ as ______________________[present job description], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _______ [date] in the case of *Ionis Pharmaceuticals Inc. v. Arrowhead Pharmaceuticals Inc.,* 2:25-cv-8609-HDV-(CTSx). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _______________________________________ [full name] of ______________________________________________________________ [address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order. Upon conclusion of this Action (as defined in this Stipulated Protective Order), I will destroy or return all CONFIDENTIAL information—and any summaries, abstracts and indices thereof, and documents or materials that I received or prepared relating thereto—in my possession to Outside Counsel for the party for whom I was employed, retained, or acted as witness.

Signature: _______________________________________________________

Printed name: ______________________________________________

Date: ______________________________________________________

City and State Where Sworn and Signed: __________________________